**Verna KINNEY, Plaintiff-Appellant,**

v.

**Meyer ROTHCHILD; Isabel Rothchild, Defendants-Appellees.**

**No. 81–3211.**

United States Court of Appeals, Sixth Circuit.

Argued May 3, 1982.

Decided May 24, 1982.

Robert F. Laufman, Cincinnati, Ohio, for plaintiff-appellant.

Marshall C. Hunt, Jr., Cincinnati, Ohio, for defendants-appellees.

Before LIVELY and MERRITT, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

PER CURIAM.

This is an appeal from an award of attorney fees in a housing discrimination case. The trial court purposely deviated from the hourly rate standard announced in *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), used a contingent fee and awarded a smaller amount of attorney fees. We reverse.

The plaintiff-appellant is a black woman who sought to rent an apartment from the defendants but was informed that it was unavailable. White "testers" were informed that the apartment was available. Plaintiff's counsel threatened a lawsuit. The defendants then entered into an oral rental agreement and plaintiff moved into the apartment.

Plaintiff's counsel attempted to make an out of court settlement of the appellant's claim for damages and attorney fees, but the defendants refused to negotiate. A few months later plaintiff moved and filed this case alleging violations of the 1866 Civil Rights Act, 42 U.S.C. §§ 1981 and 1982 and Title VIII of the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.* and seeking compensatory and punitive damages.[1] The District Court awarded compensatory damages in the amount of $1,285 but denied punitive damages.

Plaintiff then moved for the award of attorney fees. The District Court first

---

* The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

1. The appellant claimed damages in the form of an unrecovered security deposit and rent advance ($285) given for an apartment she prepared to rent after being rejected by the defendants. She also claimed damages for the humiliation and embarrassment suffered as a result of the discrimination.

computed fees by multiplying the reasonable hours of service by a reasonable hourly rate. After eliminating 9.8 hours spent in repreparing for trial after the first trial date was postponed on grounds that "the time spent repreparing was made necessary by the Court and not the parties," the District Court determined that a reasonable number of hours of service for McIlwain was 51.75 hours and for Laufman was 47.55 hours. These figures were multiplied by the attorneys' reasonable hourly rates ($50 per hour for McIlwain; $75 per hours for Laufman) and totaled for an award of $6,153.75. If the 9.8 hours spent in repreparation had not been eliminated the award would have been $6,771.25.

█ The District Court considered an award of attorney fees of more than $6,000 when damages were assessed at $1,285 to be unfair. The primary purpose of the action was accomplished without the necessity of filing a complaint. The lawsuit, which was not filed until after plaintiff vacated the apartment, was for the purpose of vindicating her claim of discrimination and to entitle counsel to attorney fees. No novel legal theories were involved, and damages were minimal. The District Court noted that the attorney fees statute, 42 U.S.C. § 1988, is addressed to the discretion of the court but that if the *Northcross* approach is "iron-clad, then this Court has little or no discretion . . . We cannot conclude that a mechanical multiplication of hours and rate is the appropriate way to deal with all cases. Section 1988 is addressed to courts, not calculators."

The Court created a different method for determining reasonable fees. The appellant's counsel would be paid at a reasonable hourly rate for each of the hours spent up to the time the appellant moved into the apartment. This amounted to $712.50. To this amount the judge added the equivalent of a contingent fee, i.e. one-third of the damage award. Since the appellant was awarded $1,285 in damages the equivalent of a contingent fee was $424.05. The total derived from this method of calculating the fees was $1,136.55 instead of over $6,000 on an hourly basis.

The issue is whether the District Court abused its discretion by formulating a different approach for the computation of attorney fees or whether an exception to the rule in *Northcross* should be made for this and similar cases.

We see no reason for an exception here. The purpose of Section 1988 is to encourage lawyers to accept civil rights cases in which damages may be small, nominal or non-existent. *Northcross* has the effect of guaranteeing that a lawyer will be awarded fees for all of his hours reasonably spent in presenting the issues on which his side prevailed. Greatly reduced fees, such as were awarded in this case, will discourage lawyers from accepting housing discrimination cases and vindicating the rights Congress had in mind. Another reason for following *Northcross* is the need for consistency in determining attorney fees.

The award of $6,000 is not unjust. In *Johnson v. Snyder*, 639 F.2d 316 (6th Cir. 1981) (per curiam) this Court, in a housing discrimination case, upheld a district court's award of $8,600 in attorney fees although only nominal damages (one dollar) had been awarded. To create an exception would invite a return to "the extraordinary variations in fee awards," 611 F.2d at 636, which prevailed under the "list of factors" approach which we rejected in *Northcross*. *Id.* at 642–43.

█ Therefore, the judgment of the District Court is reversed. The only remaining questions are whether the District Court abused its discretion by eliminating hours spent in repreparation for trial and whether the plaintiffs are entitled to attorney fees for time spent on appeal. We note that the District Court did not question the necessity of the hours spent by counsel in repreparation. Indeed, 9.8 hours seems reasonable in light of the fact that the trial was delayed for more than one year. The lawyers needed to review the case and to contact and reprepare witnesses. We consider it an abuse of discretion for the District Court to eliminate a reasonable number of hours spent in repreparation for trial even though

the cause of the trial postponement was related to the court's crowded calendar and not caused by delays caused by the defendants.

Finally, the appellant is entitled to fees for time reasonably spent in preparing this appeal. *Northcross*, 611 F.2d at 643.

Accordingly, the judgment of the District Court is reversed and remanded for a proper award of attorney fees, including a reasonable fee for time spent pursuing this appeal.