**Laura M. NUNLEY, Executrix of the Estate of James E. Nunley, Deceased, Plaintiff,**

v.

**Mary Ethel JESSEE, Defendant.**

**Civ. A. No. 87–0183–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

June 13, 1988.

Jo S. Widener, Bristol, Va., for plaintiff.

John M. Lamie, Browning, Morefield & Lamie, Abingdon, Va., for defendant.

### MEMORANDUM OPINION

KISER, District Judge.

James E. Nunley, deceased, represented Mary Ethel Jessee in her Chapter 11 bankruptcy case for twenty-five months. The Bankruptcy Court awarded him attorney's fees of $110,000.00 plus expenses. On appeal by the Debtor, this Court and the Fourth Circuit Court of Appeals affirmed the award, 811 F.2d 1505. Appellant, the Executrix of Mr. Nunley's estate, then sought to recover from the Debtor on Mr. Nunley's behalf a compensatory fee for the approximately two years of legal services he was required to obtain to protect his fee on appeal. The Bankruptcy Court denied the request, and the Executrix now appeals.

The focus of this dispute is 11 U.S.C. § 330(a)(1) which states, in part, that the Bankruptcy Court may award to the Debtor's attorney

reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title ...

In analyzing § 330(a)(1), the Bankruptcy Court interpreted the statute as authorizing only compensation for services provided by the attorney that were "of value to the debtor's estate." Although the court found the preparation and presentation of fee applications to confer benefit upon the debtor's estate sufficient to allow a fee award, it found that litigation over fee awards on appeal did not. On this basis, it denied compensation for such litigation to Mr. Nunley's estate.

I disagree with the Bankruptcy Court's analysis of § 330. As recognized by the court, in other types of civil cases in which attorneys' fees are statutorily allowed, litigants who prevail on a fee award initially are routinely entitled to additional fees required to defend those fees on appeal. The Bankruptcy Court acknowledged the dicta to this effect contained in *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). Specifically, in civil rights and antitrust cases, the Fourth Circuit has stated this is the law. *See Young v. Kenley*, 641 F.2d 192 (4th Cir.1981).

There is no reason for treating bankruptcy cases any differently than cases arising in these other contexts. The Bankruptcy Court attempted to distinguish bankruptcy cases because traditionally they have required the submission of extremely detailed fee applications. I do not find this persuasive. More important, I do not find the assessment of whether the fee litigation

has provided services of value to the Debtor's estate to be determinative. First, § 330 does not make value to the estate the primary determinant of a fee award.[1] Second, even if the value of an attorney's services are considered as a factor in the granting of the award, I do not see that litigation over an already established fee award on appeal is more remote from the purposes of the Debtor's estate than the preparation and presentation of the fee application in the first instance.

The meaning of the *Nucorp* decision was hotly debated in his case. The Appellee argued that *Nucorp* laid new ground in even allowing fees for the preparation and presentation of fee applications. Thus, his opinion, with which the Bankruptcy Court agreed, is that providing for these fees is part of a very recent "trend" for which there is a "growing" or "developing" line of cases. To further allow fees for litigation of an award on appeal would be an unsupported extension of the holding in *Nucorp.*

The Appellant, on the other hand, did not find the *Nucorp* holding to be so radical. In her opinion, *Nucorp* began with the idea that an attorney was entitled to fees for litigating a fee award. This had been established already in civil rights cases and in other contexts in the Ninth Circuit. Therefore, the Appellant found the significance of the *Nucorp* decision was not in the broadening of the scope of the court's discretion in granting fees to include time spent on fee applications. Rather, she saw the case as applying mere deductive reasoning to come to the conclusion that fees incurred in preparing fee applications must by necessity be included within a court's already broad discretion to grant awards to compensate for monies spent litigating fee issues.

Without myself attempting to interpret the *Nucorp* decision, I find the Bankruptcy Court's determination that § 330 precludes him from exercising his discretion to award

attorney's fees in this case to be erroneous. The language of the statute itself, and the clear law in this circuit concerning fee awards in analogous contexts, such as civil rights and antitrust cases, provide a sufficient basis for my decision. Therefore, the decision of the Bankruptcy Court will be reversed and the case remanded to the Bankruptcy Court to determine the appropriate fee.

---

**1.** To the contrary, in *Harman v. Levin,* 772 F.2d 1150 (4th Cir.1985), the Fourth Circuit held that twelve *Johnson* factors "are properly employed in the determination of a reasonable attorney's fee under 11 U.S.C. § 330." *Harman,* 772 F.2d at 1151. *Cf. Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).