## In re BIG RIVERS ELECTRIC CORPORATION, Debtor.

### Big Rivers Electric Corporation, Appellant,

### v.

### J. Baxter Schilling, Appellee.

### No. 4:99CV–175–M.

United States District Court, W.D. Kentucky, Owensboro Division.

Aug. 24, 2000.

J. Christopher Kohn, Genevieve Holm, United States Department of Justice, Civil Division, James G. Bruen, Jr., U.S. Department of Justice, Civil Division, Washington, DC, for United States of America, On behalf of the Rural Utilities Service of the Department of Agriculture, appellants.

Richard Northern, Wyatt, Tarrant & Combs, Louisville, KY, for the Bank of New York, creditors.

J. Baxter Schilling, Louisville, KY, Pro se.

Michael A. Fiorella, Sullivan, Mountjoy, Stainback & Miller, P.S.C., Owensboro, KY, Mark S. Kaufman, Laura F. Nix, Russell A. Tolley, Long, Aldridge & Norman, Atlanta, GA, for Big Rivers Electric Corporation, debtors.

## MEMORANDUM OPINION AND ORDER

McKINLEY, District Judge.

This matter is before the Court on appeal from an order of the Bankruptcy Court requiring Big Rivers Electric Corporation to continue interim payments to the Examiner's counsel. The Court granted leave to appeal from this interlocutory order. [DN 12]. Having been fully briefed, this matter is now ripe for decision. For the following reasons, the order of the Bankruptcy Court is **affirmed**.

### STATEMENT OF FACTS

Big Rivers Electric Corporation (Big Rivers) filed a voluntary Chapter 11 bankruptcy petition on September 25, 1996. This bankruptcy case has produced a number of published decisions. Rather than recite the facts again here, the reader is referred to the following decisions: *In re Big Rivers Elec. Corp.*, 233 B.R. 768, 771–77 (Bankr.W.D.Ky.1999) (awarding fees to professionals); *In re Big Rivers Elec. Corp.*, 233 B.R. 754 (Bankr.W.D.Ky.1999) (awarding compensation to the examiner); *In re Big Rivers Elec. Corp.*, 233 B.R. 726, 728–33 (Bankr.W.D.Ky.), *aff'd* 233 B.R. 739, 742–45 (W.D.Ky.1998) (denying claim filed by prospective purchaser of Big Rivers); *In re Big Rivers Elec. Corp.*, 213 B.R. 962, 964–71 (Bankr.W.D.Ky.1997) (denying motion to disqualify bankruptcy judge and remove the examiner).

Shortly after the filing of the bankruptcy petition, the Bankruptcy Court ordered the appointment of an examiner. J. Baxter Schilling (Examiner) was appointed and approved as the Examiner. Following

his appointment, the Examiner petitioned the Bankruptcy Court to allow him to employ the law firm of J. Baxter Schilling as counsel for the Examiner. [R. 1–141.] This law firm consisted of the Examiner and his father, Glen L. Schilling. The application sought an hourly rate for Schilling of $180 in 1996 and $185 in 1997, and an hourly rate for his father of $145 in 1996 and $150 in 1997. The bankruptcy court granted this request. [R. 1–186.]

On November 15, 1996, the Bankruptcy Court entered an order setting forth the procedure for payment of the Examiner and his professionals. [R. 1–111.] This procedure required the Examiner and his professionals to submit monthly bills to Big Rivers. After receiving these bills, Big Rivers was given a period of time to object or to pay the bills. Every 120—160 days, the Bankruptcy Court would review the bills submitted by the Examiner and his professionals. Payment continued under this procedure throughout the entire bankruptcy. On October 12, 1998, the Examiner submitted a motion entitled Final Application of J. Baxter Schilling, as Examiner, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From October 18, 1996 Through October 12, 1998. [R. 1–1063.] Also on this date, the Examiner's counsel submitted a motion entitled Final Application of the Law Firm of J. Baxter Schilling for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from December 12, 1996 Through October 12, 1998. [R. 1–1062.] The Bankruptcy Court has not ruled on the Examiner's Counsel's final fee application. After the Examiner filed his Final Fee Application in October of 1998, Big Rivers continued to pay under protest the bills submitted to it by the Examiner. The Examiner's counsel did not submit any bills to Big Rivers after filing its fee application.

On March 26, 1999, the Bankruptcy Court entered an order which awarded the Examiner "total final compensation" of $2,638,205.00. The Examiner filed a Motion to Alter or Amend this order seeking clarification as to whether this award included or excluded fees and expenses incurred after October 12, 1998. The Bankruptcy Court overruled the motion without clarification. Several parties, including the Examiner, appealed the issue of the fee award to this Court. See In re Big Rivers Elec. Corp., 4:99CV–117–M.

Thereafter, Big Rivers refused to pay an Examiner's bill submitted on May 21, 1999. The Examiner filed a motion to compel payment with the Bankruptcy Court and the Bankruptcy Court conducted a hearing on this issue. Therein, Big Rivers objected to any further payments to the Examiner arguing that the appeal of the fee order divested the Bankruptcy Court of jurisdiction to consider the issue. The Examiner proposed that the Bankruptcy Court order continued payment to the Examiner's counsel because most of the fees and expenses were associated with legal work he was performing on account of the several appeals taken in this case. The Bankruptcy Court entered an order on July 15, 1999, requiring Big Rivers to pay, on an interim basis, the monthly fees of the Examiner's counsel. The Bankruptcy Court effectively overruled the Examiner's motion to compel and the Examiner's bill for services submitted on May 21, 1999 has never been paid. Big Rivers filed this appeal objecting to the order requiring continued payment to the Examiner's counsel. Although the order requiring interim payments to the Examiner's counsel was not a final order, this Court granted leave to appeal to address its propriety.

## STANDARD OF REVIEW

The district court sits as a court of appellate review for decisions of the bankruptcy court. 28 U.S.C. § 158(a). The findings of fact of the Bankruptcy Court are reviewed under the clearly erroneous standard. FED. R. BANKR. 8013. The district court, however, gives "plenary

review to questions of law." *Michigan Nat'l Bank v. Charfoos (In re Charfoos)*, 979 F.2d 390, 392 (6th Cir.1992); *see also Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir.), *cert. denied sub nom., WesBanco Bank Barnesville v. Customer Creditors*, 522 U.S. 816, 118 S.Ct. 65, 139 L.Ed.2d 27 (1997); *National Mortgage Co. v. Brengettcy*, 223 B.R. 684, 689 (W.D.Tenn.1998) ("[B]ankruptcy court's findings of fact shall not be set aside unless those findings are 'clearly erroneous.' ... Questions of law, however, are reviewed de novo.").

## *DISCUSSION*

Big Rivers contends that the Bankruptcy Court lacked jurisdiction to enter the order because the appeals filed by Big Rivers and the Examiner from the fee award divested the Bankruptcy Court of jurisdiction over the issue of compensation to the Examiner. Big Rivers argues that no distinction should be drawn between Schilling as the Examiner and Schilling as the Examiner's counsel. Additionally, Big Rivers asserts the Bankruptcy Court lacked jurisdiction under the Plan, the Confirmation order, and the law to order payments to the Examiner's counsel. Lastly, Big Rivers argues that the Bankruptcy Court erred in compelling it to pay fees to the Examiner or his counsel when those fees will be used to pursue the Examiner's fee enhancement. According to Big Rivers, such services conferred no benefit to the estate and, therefore, are not compensable.

The Examiner's counsel argues that the Bankruptcy Court had jurisdiction under the plan and confirmation order to order fees to the Examiner's counsel. The Ex-

aminer's counsel also maintains that the Bankruptcy Court did not abuse its discretion in ordering subsequent payments to the Examiner's Counsel. It contends that 11 U.S.C. § 330 allows for recovery of expenses incurred in preparing and litigating fee applications.

■ First of all, the Court finds that the Bankruptcy Court retained jurisdiction to order continued payments to the Examiner's counsel.[1] Article X of the First Amended Plan of reorganization provides:

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Reorganization Case after the Effective Date as is legally permissible, including, without limitation, jurisdiction to:

(a) Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims (including any Administrative Claim and any Tax Claim);

(b) Grant or deny any application for allowance of compensation or reimbursement of expenses and other fees and expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

. . .

(f) Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications that may be pending on or commenced after the Effective Date, that arise in or re-

---

1. The Court previously held in addressing the Examiner's motion to dismiss that the Bankruptcy Court had jurisdiction to award fees to the Examiner's counsel despite the appeals of the Examiner's fee award. [DN 12.] The Court opined that "a distinction exists between Schilling's fees as the examiner and his fees as counsel for the examiner. While the parties appealed the issue of the examiner's fees, both past and future, to this Court, such an appeal does not prevent the bankruptcy court from ordering Big Rivers to pay fees of the examiner's counsel." [DN 12 p. 4.] Having so ruled, the Court will not address this aspect of the jurisdictional argument again.

late to the Reorganization Case or the Plan;

[R. 1–508 p. 49–50.] The confirmation order contains similar language with respect to the jurisdiction retained by the Bankruptcy Court. [R. 1–505 p. 23–26.] The Plan defines an "Administrative Claim" as "any Claim arising on or after the Petition Date under Sections 503(b), 507(a)(1), 507(b), 365(d)(3), or 365(d)(10) of the Bankruptcy Code, including, without limitation, ... (b) any Fee Claims or Cure Payments." . [R. 1–508 p. 1.] A "Fee Claim" is "any Claim of any Professional ... under Sections 330, 331 or 503(b) of the Bankruptcy Code for allowance of compensation and/or reimbursement of expenses in the Reorganization Case." [R. 1–508 p. 10.] The term professional refers to any professional employed by the Examiner in the reorganization case. [R.1–508 p. 17.]

These provisions grant the Bankruptcy Court jurisdiction to order and determine the Examiner's counsel's fees after the Effective Date. The Examiner's counsel filed a final fee application for services rendered through October of 1998, but the Bankruptcy Court has not ruled on that motion. Thus, the Bankruptcy Court must still resolve this matter. The July 15, 1999 order modified and reinforced the Bankruptcy Court's prior order authorizing interim payments to the Examiner's counsel under § 331. Together, they constitute fee claims under the plan of reorganization over which the Bankruptcy Court retains jurisdiction.

■ The next issue before the Court is whether the Bankruptcy Court erred in compelling interim payments to the Examiner's counsel. The short answer to that question is no. The Bankruptcy Court has the discretion to enter such interim payment orders. It was the Bankruptcy Court that ordered the appointment of an examiner and he performed a quasi-judicial role in this bankruptcy case. Therefore, the Bankruptcy Court had a responsibility to see that the Examiner was compensated. The Bank-

ruptcy Court considered it necessary to allow the Examiner's counsel to continue to participate in certain appeals, including the appeal of the Examiner's fee award. This Court does not believe that the Bankruptcy Court abused its discretion in ordering interim payments under the peculiar circumstances of this case.

Now, whether a final award of fees to the Examiner's counsel for pursuit of the enhancement would be an abuse of discretion is altogether a different question. It is that question which is at the heart of this appeal. The Court granted leave to appeal in order to address the real issue and give some guidance to the Bankruptcy Court upon remand.

However, providing guidance on these issues is difficult, for as the Bankruptcy Court knows, there is not much that is straightforward about this case. The Examiner was awarded a lodestar fee based on his hourly rate times the number of hours expended. In addition, he was awarded an enhanced fee or bonus. Both the lodestar fee and the enhanced fee have been challenged in various appeals. This Court has upheld the lodestar fee, but it is subject to challenge and the disgorgement issue will be decided by the Bankruptcy Court. This Court has reversed the enhanced fee. *See In re Big Rivers Electric Corp.*, 4:99CV–117–M. Some of the Examiner's Counsel's fees are associated with defending the lodestar fee and some were incurred defending the enhancement. Additional fees will be incurred litigating the disgorgement issue before the Bankruptcy Court. Thus, the Examiner has been unsuccessful in the pursuit of his enhanced fee, but successful, at least up to this point, in defending his lodestar fee. He has incurred legal fees and the question is how much of those fees, if any, he can recover.

One line of cases holds that applicants who unsuccessfully defend an objection to their fee are not entitled to receive compensation for such services from the bankruptcy estate. *Boldt v. Crake (In re Riv-*

*erside–Linden Inv. Co.),* 945 F.2d 320, 322–23 (9th Cir.1991); *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874, 882 (11th Cir.1990); *In re DN Assocs.,* 165 B.R. 344, 355 (Bankr.D.Me.1994); *In re Courson,* 138 B.R. 928, 936 (Bankr. N.D.Iowa 1992); *In re Great Sweats, Inc.,* 113 B.R. 240, 245–46 (Bankr.E.D.Va.1990); *In re Watervliet Paper Co.,* 109 B.R. 733, 735 (Bankr.W.D.Mich.1989). These decisions rely on the fact that § 330 fails to authorize an award of attorney's fees to the prevailing party and that the services rendered provide no benefit to the estate, the creditors, or the debtor. The danger of awarding fees in such circumstances is that it "could encourage attorneys to assert meritless fee requests. Regardless of whether or not they were awarded the requested fees, the attorneys could recover fees incurred in opposing objection to the meritless request." *In re Riverside–Linden,* 945 F.2d at 324 (internal quotation omitted).

Other courts hold that fee applicants are entitled to compensation for successfully defending the bankruptcy court's compensation award on appeal. *In re Manoa Fin. Co.,* 853 F.2d 687, 692 (9th Cir.1988); *In re Nucorp Energy, Inc.,* 764 F.2d 655, 659–61 (9th Cir.1985) (dicta); *Sloan v. Hoffman (In re Chavez),* 157 B.R. 30, 33 (D.Colo.), *aff'd* 13 F.3d 404 (10th Cir.1993); *Nunley v. Jessee,* 92 B.R. 152, 153–54 (W.D.Va.1988); *In re Hers Cosmetics Corp.,* 114 B.R. 240, 242 (Bankr.C.D.Cal. 1990), *see also In re Atwell,* 148 B.R. 483, 491 (Bankr.W.D.Ky.1993) (may compensate attorneys fees for time spent of preparation and litigation of fee application but fees cannot exceed 5% of fees requested). In reaching this conclusion, these courts rely on decisions under the federal civil rights statutes holding that time spent defending or pursuing an appeal awarding attorney's fees should also be compensable. *See, e.g., Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir.1986), *cert. denied,* 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987) ("[H]ours spent preparing and litigating the attorney fee case

should not exceed 3% of the hours in the main case when the issue is submitted on papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary."); *Kinney v. Rothchild,* 678 F.2d 658, 661 (6th Cir.1982) (civil rights plaintiff's attorney appealed fee award); *Northcross v. Board of Ed. of Memphis City Schs.,* 611 F.2d 624, 643 (6th Cir.1979) (same). These courts deemed such compensation necessary to avoid diluting the counsel's fee through the appeal process. If the court declined to award such compensation, "[c]reditors could negotiate reductions in these fee awards knowing full well that the attorney is in a no-win situation. Even if the attorney prevails, he or she will have in effect financed the litigation without any hope of surviving it whole." *In re Hers Cosmetics,* 114 B.R. at 244.

■ In the present case, it seems both lines of cases should apply. With respect to the enhancement, it would be inappropriate to award the Examiner's counsel fees for pursuing and unsuccessfully defending that portion of the fee award. To do so would unnecessarily reward him for pursuing and defending a fee subsequently found to be unreasonable compensation and potentially encourage future unreasonable or meritless fee requests.

With respect to the lodestar fee which the Court found was properly awarded to the Examiner, it would be appropriate to award fees for pursuing and defending such an award. To deny these fees would unnecessarily dilute the Examiner's compensation and force him to bear the costs of defending a fee which was properly awarded to him by the Bankruptcy Court. However, if the Examiner is ordered to disgorge all fees paid to him, he would not be entitled to additional fees for pursuing and defending the lodestar fee.

Therefore, the Bankruptcy Court must scrutinize the final fee applications to determine what part of the requested fees represents work done in pursuit and de-

fense of the lodestar amount versus that portion which represents work in pursuit of the fee enhancement.[2] The difficulty of such a task is not lost on the Court, however, the peculiar circumstances of this case require it. Additionally, while the Court is aware of the general guideline that fees not exceed 5% of the total requested fees, this case may warrant a finding of exceptional circumstances, particularly in light of the appeal and the disgorgement issue, which may allow for a recovery in excess of the general guideline.

Furthermore, the Bankruptcy Court may find it appropriate to compensate the Examiner's counsel for work done in other appeals spawned by this bankruptcy. In doing so, the Bankruptcy Court should consider whether the work was reasonable and necessary, whether it was consistent with the duties of the Examiner as envisioned by the Bankruptcy Court, and whether such work benefitted the estate or the ends of justice.

And finally, even though Big Rivers was ordered to pay the Examiner's counsel's fees during the interim, the Bankruptcy Court must determine who should pay the fees ultimately. The Court offers no guidance in this regard other than to suggest that the Bankruptcy Court consider the fact that Big Rivers never sought disgorgement of the Examiner's fee.

### CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court ordering compensation to the Examiner's Counsel is **affirmed.**

2. Big Rivers objected to a portion of the "base compensation" arguing that approximately $84,000.00, represented fees associated solely with the pursuit of the fee enhancement. The Bankruptcy Court never addressed Big Rivers objection to the Examiner's fees associated with his pursuit of his fee enhancement because it felt an enhancement was appropriate. However, in light of this Court's decision that no enhancement was warranted and the decision herein that fees incurred in pursuit of such an enhancement are not properly payable, the Bankruptcy Court will need to decide if there is a portion of the lodestar "base compensation" award which represents these prohibited fees.