722 F.2d 313
 James O'BRYAN, Duane Wilbert, Isaac McKinley, Thomas
Jackson, Thomas Dorsey, John Phillips, Earl McClaren, Dale
Falk and James Brotzman, individually and on behalf of all
other persons who have been, are, or will be confined in the
Saginaw County Jail, Plaintiffs-Appellants,
v.
The COUNTY OF SAGINAW, MICHIGAN, James Kelley, Fred Clark,
Members of the Saginaw County Board of
Commissioners and Dorothy Kovaleski, in
their official capacities,
Defendants-Appellees.
 No. 82-1854.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Nov. 9, 1983.
Decided Dec. 8, 1983.
 
 Phillip H. Snelling, Legal Assistance Foundation of Chicago, Chicago, Ill., Jack Greenberg, New York City, for plaintiffs-appellants.
 Peter Jensen, Jerome Burns, William Bovill, Saginaw, Mich., for defendants-appellees.
 Before MERRITT and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 James O'Bryan and others, who are the "prevailing parties" in this civil rights action, appeal an order denying a request for appellate attorney's fees under 42 U.S.C. Sec. 1988. The District Court denied the motion erroneously upon the grounds that "the present motion pertains exclusively to plaintiff's counsel's time spent in connection with his prosecution of an appeal in this case, i.e., drafting of briefs, preparation of oral argument, etc. This court is without first hand knowledge of counsel's work product as to the appeal, and is without any sound basis to adjudge the reasonableness of the requested fee."
 
 
 2
 The same District Court awarded attorney's fees to plaintiffs as prevailing parties under Sec. 1988 for the conduct of the trial before the District Court. The District Court has ruled in effect that attorney's fees for the prosecution of an appeal should only be awarded in the first instance by the Court of Appeals. This is erroneous. The Courts of Appeal, unlike a trial court, do not have original jurisdiction to resolve issues of fact but have only appellate jurisdiction. We do not have a witness chair for hearing evidence, and we are not in a position to conduct an evidentiary hearing where proof is offered on the question of attorney's fees. An appellate court is not a trier of fact. In the federal system, the district court is normally the trier of fact in the first instance and initially hears evidence on disputed questions.
 
 
 3
 Accordingly, this Court has ruled that issues concerning the award of attorney's fees for the prosecution of an appeal address themselves in the first instance to the District Court. The District Court is required, if necessary, to conduct an evidentiary hearing in order to inform itself of the facts so that it may rule on the question. In the present case, such an evidentiary hearing should be conducted, since plaintiffs' request contains an abnormal amount of preparation time, especially after completion of a comparatively short brief, and plaintiffs should be required to justify fully this claim.
 
 
 4
 It is not a sufficient answer that a district court before trial of the attorney's fees issue "it without first hand knowledge of counsel's work product as to the appeal." A district court is ordinarily without first hand knowledge of the factual issues which it tries in all cases. The same trial process should be followed when addressing the question of awarding attorney's fees for prosecuting an appeal under 42 U.S.C. Sec. 1988.
 
 
 5
 In view of the fact that this case is old and the District Court has now twice erroneously refused to consider an award of appellate fees, we are tempted to go ahead and assess attorney's fees. In the interest of orderly procedure, however, and knowing that the District Court will fully comply with the language and purpose of this opinion, we reverse and remand the case to the District Court for further proceedings consistent with this opinion.
 
 
 6
 Accordingly, the judgment of the District Court is reversed and the case remanded to the District Court with instructions to proceed to consider the question on the merits of an award of attorney's fees for counsel's work performed in prosecuting previous appeals to this Court.