Ernest SMITH, et al.,
Plaintiffs-Appellants,

v.

DETROIT BOARD OF EDUCATION; Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO, Defendants-Appellees.

No. 82–1517.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 23, 1983.

Decided Feb. 29, 1984.

Robert W. Morgan, Chirco, Donaldson, Harrinton & Runstadler, Detroit, Mich., Michael Ernest Avakian (argued), Center on National Labor Policy, North Springfield, Va., for plaintiffs-appellants.

Lynne M. Metty (argued), Theodore Sachs (argued), Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, Detroit, Mich., for defendants-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and RUBIN, District Judge.*

PER CURIAM.

On August 30, 1983 this court affirmed the district court's entry of summary judgment for the defendants in this action brought pursuant to 42 U.S.C. § 1983. The defendant-appellee Detroit Federation of Teachers has moved for the allowance of costs and double costs pursuant to Rules 39 and 38, Federal Rules of Appellate Procedure, respectively. The movant also seeks the award to it, as a "prevailing party," of attorney fees pursuant to 42 U.S.C. § 1988.

For the reasons stated below, we conclude that the district court is the forum to which the application for attorney fees ought to be addressed, and we therefore deny that part of this motion which asks us to award fees.

That it is the district court which is the appropriate forum for resolving attorney fee requests, where the requesting party is otherwise entitled, was part of the court's decision in *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). In that seminal opinion interpreting the Civil Rights Attorneys Fees Awards Act of 1976, the court held, at 637:

> Services relating to the various appeals taken in this case are compensable, and the district court, with its greater facility for evidentiary hearings and fact-finding, should make awards for appellate services in the first instance, subject to our review. (Citations omitted).

In interpreting our holding in *Buian v. Baughard,* 687 F.2d 859 (6th Cir.1982), that § 1988 makes attorney fees for appellate representation available only to a party whom the court of appeals has found entitled to recover costs, the court held that it

---

* The Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

is the preferred practice for attorney fee matters to be addressed by the district court in light of its fact-finding capability. *Greer v. Holt,* 718 F.2d 206 (6th Cir.1983). This court most recently addressed the role of the district court as the proper forum for resolving questions of attorney fees for appellate representation in § 1988 settings, in *O'Bryan et al. v. The County of Saginaw, Michigan, et al.,* 722 F.2d 313 (6th Cir.1983). In that case the district court denied the prevailing party's motion for attorney fees incurred in the appellate proceedings, noting that it had no sound basis for assessing the reasonableness of the requested fee. This court stated:

> ... this court has ruled that issues concerning the award of attorney's fees for the prosecution of an appeal address themselves in the first instance to the district court. The district court is required, if necessary, to conduct an evidentiary hearing in order to inform itself of the facts so that it may rule on the question.

at 314.

This approach is consistent with that adopted by this court in other contexts where statutory provision is made for the recovery of attorney fees. *Cf. Lavender v. Califano,* 683 F.2d 133, 135 (6th Cir.1982):

> ... where a claimant has been successful either in the district court, or upon appeal to this court, an award of attorney fees under 42 U.S.C. § 406(b)(1) may be made by application directly to the district court. When such application is instead made to this court, it should be referred to the appropriate district court for disposition.

Accordingly, the motion of the appellee to have this court assess attorney fees is denied. The appellee's motion to recover costs is granted; we find the taxation of double costs unwarranted, and the request therefor is denied.