**Sharon JORDAN, et al.,**
**Plaintiffs-Appellees,**

v.

**MARK IV HAIR STYLES, INC., et al.,**
**Defendants-Appellants.**

No. 85–3685.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 8, 1986.

Decided Dec. 9, 1986.

---

Ronnie E. Dixon (argued), Cincinnati, for plaintiffs-appellees.

Michael J. Wiethe (argued), Cincinnati, for defendants-appellants.

Before KEITH and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Mark IV Hair Styles, Inc. appeals from an order of the district court granting plaintiffs' motion for attorney fees and costs of $29,121.25. For the reasons that follow, the judgment of the district court is vacated and the case remanded for proceedings consistent with this opinion.

### I.

On May 13, 1982, appellee Sharon Jordan and six other plaintiffs filed a complaint against Mark IV Hair Styles, Inc., Walter Hornsby and Mary Pickens pursuant to 42 U.S.C. §§ 1985(3), 2000d and state law seeking injunctive and declaratory relief

and damages. Plaintiffs, all black women, alleged that they enrolled in the Moler-Hollywood Beauty College, operated by Mark IV, but that such failed to train students to style the hair of blacks. Plaintiffs also alleged that better educational benefits were provided to white students. When plaintiffs picketed the school to protest these practices, they were expelled. On January 7, 1983, plaintiffs filed an amended complaint seeking to maintain the suit as a class action pursuant to Fed.R.Civ.P. 23(b)(2). On June 17, 1983, the district court certified the class.

On April 18, 1985, plaintiffs moved for an award of attorney fees and costs pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d) in the amount of $29,121.25. Such motion was in anticipation of a hearing on an agreed settlement of the case scheduled for the next day. On April 19, the district court, at the hearing, approved the settlement and questioned counsel for defendant regarding attorney fees. Counsel responded that the defendants "are in disagreement in regard to payment on attorney fees and they are somewhat adamant about payment of attorney fees." The district court indicated that it was not going to decide whether the amount of attorney fees requested was reasonable at the April 19 hearing. The court told counsel for the defendants that, "I would like you to, at the customary time, to respond to this request for attorney's fees." [1]

On June 7, 1985, plaintiffs filed a "Motion for Decision on Plaintiffs' Motion for Attorney Fees." In such motion, plaintiffs pointed out that defendants had filed no pleadings opposing the motion for fees and that Local Rule 4.0.2 provides:

> Any memorandum *contra* a motion shall be filed within twenty (20) days from the date of service.... Failure to file a memorandum *contra* may be cause for the Court to grant the motion as filed.

---

**1.** The settlement was entered May 7, 1985 and required defendants to make several changes in the operation of the school. The settlement provided that "[t]he parties reserve discussion on the issue of individual damages and attorneys fees for settlement at a later time."

On August 6, 1985, the district court awarded the full amount of the fees requested by the plaintiffs. The order of the court stated in full:

> This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 37) filed April 19, 1985. Defendant has filed no memorandum in opposition thereto. Accordingly, such motion is hereby granted and plaintiffs' counsel are hereby awarded the sum of $29,121.25.

The defendants appealed in a timely fashion from this order.[2]

## II.

Generally, a district court should conduct an evidentiary hearing on an application for attorney fees in a class action. *See* 7B Wright, Miller & Kane, *Federal Practice & Procedure*, § 1803 at 508 (1986). In the present case, however, we need not decide whether the district court's failure to conduct an evidentiary hearing constitutes reversible error. In addition to its failure to conduct a hearing, the court did not make any determinations concerning the reasonableness of the requested fees. This is contrary to the standards governing fee awards in class action suits. As one commentator has observed:

> The attorney employed to represent a class is in a position of public trust and shares with the court the burden of protecting the class action suit against public fear that it encourages excessive attorney's fees. "The award must be made with an eye to moderation and, if for no other reason but to allay suspicion, the court should typically take pains to allow a complete airing of all objection to a petitioner's fee claim."

> *Even where there has been no objection to the size of the attorney's fee requested, it is the responsibility of the court to see to it that the size of the award is reasonable.*

3B *Moore's Federal Practice*, ¶ 23.91 at 23–568 (1978) (footnotes omitted) (emphasis added). *See also* Wright, Miller & Kane, *supra,* at 507–29 (setting forth guidelines for determining reasonableness). The courts have also recognized that the district courts have a responsibility to assess the reasonableness of a fee award in a class action suit. For example, in *Piambino v. Bailey*, 610 F.2d 1306 (5th Cir.), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980), the Fifth Circuit held that reversal was required because the district court had "abdicated its responsibility to assess the reasonableness" of the requested fee award. *Id.* at 1328–29. *See also Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1110 (3d Cir.1979); *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co.*, 481 F.2d 1045, 1050 (2d Cir.), *cert. denied*, 414 U.S. 1092, 94 S.Ct. 722, 38 L.Ed.2d 549 (1973); *Jones v. Amalgamated Warbasse Houses, Inc.*, 97 F.R.D. 355, 361–62 (E.D.N.Y.), *aff'd*, 721 F.2d 881 (2d Cir.1983), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1929, 80 L.Ed.2d 474 (1984); *State of Illinois v. Harper & Row Publishers, Inc.*, 55 F.R.D. 221, 224 (N.D.Ill.1972).

In the present case, the district court's brief order awarding attorney fees fails to disclose whether the court made *any* inquiries into the reasonableness of the fees. Rather, the order indicates that the court relied solely on the procedural default imposed by Local Rule 4.0.2. This exclusive reliance is inappropriate. In awarding attorney fees in this class action, the court was required to evaluate the rea-

---

**2.** On August 22, 1985, defendants filed both a notice of appeal limited to the issue of attorney fees and costs and a motion for relief from judgment pursuant to Fed.R.Civ.P. 60. Defendants explained their failure to file any opposing pleadings on the ground that "the Plaintiffs' Motion for Attorneys' Fees and Costs was improper as not requesting a hearing on the matter." On September 11, 1985, defendants filed a motion for relief from the agreed judgment.

On October 1, 1985, the district court denied the August 22 motion, holding that "[w]hile the Court notes in passing that the motion pended for four months without response by the Defendant, the Court likewise notes that a notice of appeal in this matter was filed on August 22, 1985 (Doc. No. 42) and upon such appeal this Court ceased to have jurisdiction over this matter."

sonableness of the fees requested. Because it appears from the order that the court failed to satisfy this requirement, we must remand this case for a determination of the reasonableness of the fees pursuant to the appropriate standards of 42 U.S.C. § 1988.

Accordingly, the judgment of the district court is VACATED and REMANDED for further proceedings consistent with this opinion.

KEITH, Circuit Judge, dissenting.

I believe the majority has incorrectly analyzed the attorney fee issue. A district court's award of attorneys' fees to a prevailing party in a civil rights suit should not be disturbed absent an abuse of discretion. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This circuit has held that a hearing is only required when the court needs to inform itself of the facts. *See O'Bryan v. The County of Saginaw, Michigan,* 722 F.2d 313, 314 (6th Cir.1983); *see also Smith v. Detroit Board of Education,* 728 F.2d 359, 360 (6th Cir.1984).

In the present case, plaintiffs filed their Motion for Attorneys' Fees and Costs with supporting affidavits and time logs attached. All of the facts were before the district court. Not only did defendants fail to respond to plaintiff's motion within 20 days as required by Local Rule 4.0.2, they allowed 110 days to pass without a response. Although it is clear from the rule that the failure to file a motion in opposition may result in the granting of the motion as filed, defendants chose not to oppose it. Defendants also chose not to respond to the affidavits and time logs attached to the motion. Furthermore, I do not see how the district court abused its discretion by granting the motion without a hearing; especially since a hearing is only required in this circuit when the court needs to inform itself of the facts. The district court had more than sufficient information to conclude that the fees requested by plaintiffs were reasonable: specifically, plaintiffs attached affidavits de-

tailing the hours spent on this case as well as the dates, billing hours and activities performed during such time. Since I do not believe the district court abused its discretion, I respectfully dissent.