**In re Gerald Dean KAHLER, Iris Lucille Kahler, dba Jerry's Sandhill Automotive and Truck Repair and dba Iris' Sandhill Beauty Salon, Debtors.**

**In re SOLSTICE, INC., dba Pearl Auto Body, Debtor.**

**Bankruptcy Nos. 87–B–13476–M, 87–B–07701–M.**

United States Bankruptcy Court, D. Colorado.

March 24, 1988.

David S. Oppenheim, Englewood, Colo., for Gerald and Iris Kahler.

Peter Alan Shelley, Boulder, Colo., for Solstice, Inc.

### MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THESE MATTERS come before the Court on two applications filed by attorneys for two unrelated debtors. Each attorney is requesting that he be paid his pre-petition attorney's fees from the assets of the respective bankruptcy estate for which he provided services. They seek payment of those fees as an administrative expense pursuant to 11 U.S.C. § 503. Additionally, one of the attorneys seeks payment of fees for *post*-petition legal services rendered for the debtor, but not rendered as counsel employed by the debtor pursuant to 11 U.S.C. § 327.

The legal issues presented in each case are almost identical and therefore the Court will rule on them jointly. The principal issue presented to the Court by these applications is whether or not the attorney's fees incurred by the debtors for pre-petition legal services rendered by the attorney for the debtors can be paid as an administrative expense pursuant to 11 U.S. C. § 503.

### *In re Kahler—87–B–13476–M*

■ Counsel for the Debtors filed his Motion for Approval of Administrative Claim wherein he itemized the various legal services rendered on behalf of the Debtors prior to the Debtors petition in bankruptcy being filed. Debtors' counsel argues that 11 U.S.C. § 503(b)(4) allows payment of the Debtors' pre-petition attorney's fees as a cost of administration of the bankruptcy estate. Section 503(b) provides, in pertinent part, as follows:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (3) [T]he actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title ... .
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

Debtors' counsel argues that the language of Section 503 is not restrictive such that fees are available *only* to attorneys that are employed by the debtor in the bankruptcy estate. Counsel further ar-

gues that inasmuch as notice of his application for attorney's fees was submitted to all creditors and no objection was filed, he is entitled to such fees.

Finally, although counsel in this case (as does counsel in the companion case) does not expressly argue the issue, he implicitly inveighs the argument that an estate payment of pre-petition legal fees is useful, sensible, and helpful in availing to prospective debtors affordable legal assistance in filing for bankruptcy.

For the reasons set forth hereinbelow, counsel's application is hereby DENIED.

First, 11 U.S.C. § 503(b)(4) provides for reasonable compensation for professional services rendered by an attorney of an entity whose expense is allowable under paragraph three. Paragraph three requires that there be a

"... creditor ... or a committee representing creditors ... (which makes) a substantial contribution in a case under chapter ... 11...."

In this case, it is the attorney for the Debtors who seeks pre-petition attorney's fees, not an attorney for a creditor or other similar entitled entity. In this case there is no "entity whose expense is allowable ..." under subsection (3). Moreover, the within case is a proceeding under Chapter 7, it is not a case under Chapter 9 or 11. Counsel simply does not and cannot qualify for payment of pre-petition attorney's fees under the express language of the statute. *See, U.S. v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *In re Storage Technology Corp.*, 48 B.R. 862 (D.Colo. 1985).

Second, it is clear that expenses and compensation which qualify as administrative expenses for an estate under subsection 503 must be "actual" and "necessary." *In re Grynberg*, 19 B.R. 621, 623 (Bankr.D. Colo.1982). More germane to the within application, such compensation must relate to services which were a "substantial contribution" *in a case under Title 11.* In *Grynberg*, Judge Moore found that compensation applied for by creditors who individually made a substantial contribution to a Chapter 11 estate by meaningful participation in its administration could qualify, in the Court's discretion, for Section 503(b)(3) "actual" and "necessary" expenses incurred:

In this context, then, it is clear Congress has left to the discretion of the Court, on a case by case basis, to determine whether an individual creditor is entitled to compensation on the basis of that creditor's own role in the case ... suffice that section 503(b)(3)(D) compensation is grounded upon the limitation that the expenses be 'actual' and 'necessary,' and leave each application to be determined upon its own merits. Hence, there will always remain in each case questions of whether the services of any applicant creditor have been 'substantial' and whether the expenses incurred in that service have been 'actual' and 'necessary.'

At page 623.

In the instant case, the attorney's services will be deemed "actual" and "necessary" absent objection or a showing otherwise, and they presumptively reflect a substantial contribution to the *filing* of the bankruptcy case. Nonetheless, they still do *not* qualify as a "substantial contribution" to the administrative process of a bankruptcy case and that is what is required. *See, Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir. 1986).

Third, *if* the attorney for the Debtors was to have prepetition fees qualify as an administrative cost pursuant to Section 503, then the *only* section conceivably available for such entitlement is Section 503(b)(1)(A). In *Goodman v. Phillip R. Curtis Enterprises, Inc.*, 809 F.2d 228, 231 (4th Cir.1987), the Fourth Circuit reversed a District Court which invoked Section 503(b)(4) to pay, as an administrative expense, compensation for professional services rendered by an attorney for the debtor. The Appeals Court based its decision, in part, on the fact that the attorney was the debtor's attorney, not an attorney for a "creditor" as required by Section 503(b)(4), and by reference (b)(3). Debtors' attorney's compensation is available, if at all, exclusively pursuant to Section 503(b)(2), or perhaps alternatively as stated in *Goodman*, Section 503(b)(1).

Fourth, even if (a) notice of the application is sent to all creditors, (b) an opportunity to object to the fees is accorded to those creditors, and (c) no creditors object to the application for fees, still it is improper to award payment of those fees as a cost of administration in a Chapter 7 case. The Court has an *independent obligation* to determine the reasonableness of legal fees requested, whether the services performed were actual and necessary, and whether payment of the fees is proper and in accord with the letter and intent of the Bankruptcy Code. *Jordan v. Mark IV Hair Styles, Inc.*, 806 F.2d 695 (6th Cir.1986); *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr.D.Vt.1987); *In re Werth*, 32 B.R. 442 (Bankr.D.Colo.1983).

While notice to creditors and their consequent failure to oppose the fees is an indication that payment of the fees is not offensive or objectionable to the creditors, it is not dispositive of the issue. The Court, in addition to the notice and hearing provisions, simply must decide the issue of attorney's fees independently and in accord with 11 U.S.C. § 330.

### In re Solstice, Inc. dba Pearl Auto Body—87–B–07701–M

█ Counsel for the Debtor in this case applied for payment of both *pre*-petition legal fees as well as *post*-petition fees from the Chapter 7 estate. Counsel provided 5.8 hours of post-petition legal services to the Debtor, including attendance at the Section 341 meeting. Again, no objections to the fee application were filed after notice was sent to creditors. For the reasons set forth above, the application is DENIED as to the request for *pre*-petition fees.

With regard to the request for fees incurred for post-petition legal services, that also is DENIED.

Clear and specific provision is made in 11 U.S.C. § 503(b)(2) to pay debtor's counsel, as a cost of administration, for services rendered to a debtor post-petition. It is tailored to allow payment to debtor's counsel, but only within the scheme and safeguards embodied in Sections 327 through 331 of the Code. This is the exclusive avenue available for debtor's counsel to be paid from the assets of debtor's Chapter 7

estate. The language of the statute thus, by its direct and particular treatment of debtor's attorney's fees compels that result. *See, Stettner v. International Printing Pressmen & A. U.*, 278 F.Supp. 675 (E.D.Tenn.1967).

Finally, with regard to the counsel who applied for these fees, as well as all practicing attorneys representing debtors, they must devise ways to obtain payment prior to the filing of the petition in a Chapter 7 bankruptcy case or make suitable alternative arrangements for financing post-petition services. While Chapters 11, 12, and 13 allow for estate payment of certain qualified professional fees, it is incumbent for Chapter 7 debtor's counsel to not rely on estate assets to pay pre-petition or post-petition attorney's fees.

For the reasons set forth above, the Court denies each respective Debtor's counsel's Motion for Approval of Administrative Claim and for payment of legal fees from assets of the Debtor's estate.