**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-50022
_____

In re:  DOUGLAS L. SAUNDERS, SR., Debtor.

JOHN PATRICK LOWE, Trustee,

                              Appellant,

versus

SHEINFELD, MALEY & KAY, P.C.,

                              Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-93-CA-462)
_____

August 27, 1996

Before DAVIS, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     In this Chapter 7 bankruptcy case, Plaintiff John Patrick
Lowe, Trustee, filed an adversary proceeding seeking "Turnover of
Money, Avoidance of Lien and Avoidance of Pre-Petition Payments"
received by Defendant Sheinfeld, Maley & Kay, P.C. ("SMK"), counsel
for the debtor, Douglas L. Saunders, Sr.  The lien at issue was

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

Saunder's interest in a partnership, Holiday Properties Management ("HPM"), which he assigned to SMK to secure payment for SMK's legal services.[1]  In his complaint, Lowe sought to avoid the lien on the grounds that it was unperfected and was thus an unsecured credit interest.[2]  The bankruptcy court found:  (1) that HPM was a partnership; and (2) that the lien in question concerned an interest in the partnership.  However, the bankruptcy court concluded that "SMK had a security interest in money," and therefore ruled that SMK's lien was perfected.[3]  *In re Saunders*, 155 B.R. 405, 413 (Bankr. W.D. Tex. 1993).  The bankruptcy court dismissed Lowe's complaint, and the district affirmed the ruling of the bankruptcy court.

We review the legal conclusions of the bankruptcy court *de novo*.  *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992).  We review the findings of fact of the bankruptcy court for clear error.  *Id*.  After careful review of the record and relevant case law, we hold that the bankruptcy court did not err in finding that HPM was a

---

[1]  HPM's sole asset was a piece of real property which the partnership leased to Holiday Inns of America, who built and operated a hotel on the property.

[2]  Prior to trial, the bankruptcy court entered an order regarding SMK's application for approval of attorney's fees.  Lowe moved to alter or amend this order.  Both the complaint in this adversary proceeding and Lowe's motion were heard together.

[3]  The bankruptcy court based this ruling on Saunder's letter, dated June 4, 1990, informing HPM that SMK had a security interest in the distribution of rents generated by the partnership.

-2-

partnership, and that the lien in question secured an interest in that partnership. However, we hold that the bankruptcy court did err in concluding that the lien in question had been perfected.

Under Texas law, an interest in a partnership is properly classified as a general intangible interest, not an interest in money. *In re Hartman*, 102 B.R. 90, 94 (Bankr. N.D. Tex. 1989) (interpreting Tex. Bus. & Comm. Code § 9.106). In order to perfect a general intangible interest, a party must file a UCC-1 financing statement. Tex. Bus. & Comm. Code § 9.302. As the bankruptcy court found, no such financing statement was filed in this case. Therefore, the lien in question had not been perfected. SMK argues, however, that the June 4, 1990 letter informed the partnership of SMK's interest in the "money" that would be received as rentals attributable to Saunders' interests in the hotel. The partnership thereby allegedly became a bailee on notice of the security interest, perfecting that interest upon possession as specified by Tex. Bus. & Comm. Code § 9.305. This argument critically fails to distinguish "money" as collateral from the right to receive money in the future. Under the UCC, property cannot be classified simultaneously as two different kinds of collateral. Tex. Bus. & Comm. Code § 9.106 Comment. Further, "a contractual right to obtain money at some future time is not the same thing as money itself." *In re Vienna Park Properties*, 976

-3-

F.2d 106, 116 (2d Cir. 1992). As the Seventh Circuit explained, "under the U.C.C., 'money' does not mean the right to receive money but is limited to currency." *Christison v. U.S.*, 960 F.2d 613, 616 (7th Cir. 1992). SMK's security interest was in a stream of future revenue to be generated by the partnership, a stream which constituted a general intangible interest that could only be perfected by the filing of a UCC-1 financing statement.

Because SMK's interest in the partnership income stream was unperfected, at least some of the HPM rentals the law firm received prepetition were preferences. On remand, the bankruptcy court must re-assess the trustee's preference claims.

The trustee also challenges the courts' decision to award SMK prepetition legal fees as a priority administrative expense pursuant to 11 U.S.C. §§ 503(b) and 507(a). This decision was in error to the extent that SMK's prepetition services were not directly related to Saunders' personal bankruptcy case. *See*, *e.g.*, *In re Hemingway Transport, Inc.*, 954 F.2d 1 (1st Cir. 1992); *In re Kahler*, 84 B.R. 721, 723 (Bankr. D. Colo. 1988). Section 330(a) permits allowance of "actual, necessary services" performed for the administration of the bankruptcy case. The services rendered by SMK to Saunders in connection with the Boerne Stage Road and Elm Creek bankruptcy cases, although perhaps helpful to debtor pre-petition, were not "actual, necessary services" rendered to advance Saunder's personal bankruptcy. Put otherwise, there is no

authority for treating services reviewable by the bankruptcy court under § 329(b) as priority administrative expenses pursuant to § 503(b).  On the contrary, § 503(b) affords priority status only to fees awarded pursuant to § 330(a).  On remand, the bankruptcy court must reconsider what prepetition services performed by SMK properly fit within the narrow standards of § 330(a).

For the foregoing reasons, the decision of the district court, affirming the decision of the bankruptcy court, is REVERSED.  In addition, because the bankruptcy court based its findings on pre- and post-petition disbursements to SMK on the fact that it found that SMK's lien was perfected, we REMAND the case to the bankruptcy court for further proceedings with regard to the trustee's preference claims.  We also REMAND the extent and amount of SMK's administrative priority claim for reconsideration.

**REVERSED** and **REMANDED**.