THOMAS, Circuit Judge,
dissenting:
The majority may well have identified the best policy for compensating debtors’ attorneys in Chapter 7 cases, but it is not the policy choice that Congress made. Because both the plain language of the statute and its legislative history leave no doubt that Congress meant what it said, I respectfully dissent.
I
■When interpreting a statute, it is axiomatic that we first must look to its plain language. “In statutory interpretation, the starting point is always the language of the statute itself.” Jeffries v. Wood, 114 F.3d 1484, 1494 (9th Cir.), cert. denied, 522 U.S. 1008, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997). If the language is clear, there is no need to look any further. See Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).
The plain language of § 330(a) is not ambiguous: it precludes an award of attorney’s fees to Chapter 7 debtors’ attorneys from the bankruptcy estate. Indeed, the Bankruptcy Reform Act of 1994 (“Reform Act”) specifically amended § 330(a) by omitting “debtor’s attorney” from the list of eligible officers. The amended section provides:
(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trust *1062 ee, an examiner, a professional person employed under section 327 or HOS-
CA) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.
11 U.S.C.A. § 830(a) (West Supp.1999).
The unambiguous statutory language should end the discussion, as it did for the Fifth Circuit. See Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.), 157 F.3d 414, 425-26 (5th Cir.1998). However, that this was Congress’s intent is bolstered by the structure and history of the Reform Act.
First, although the Reform Act deleted “debtor’s attorney” from § 330(a), it specifically permitted bankruptcy courts to award attorney’s fees from the bankruptcy estate to Chapter 12 and 13 debtors’ attorneys in certain circumstances. See 11 U.S.C.A. § 330(a)(4)(B). Thus, although Chapter 12 and Chapter 13 debtors’ attorneys were also affected by the amendment to § 330(a), Congress specifically added a mechanism providing for their compensation. See id. The inclusion of Chapter 12 and Chapter 13 debtors’ attorneys in a new section of the statute, coupled with the omission of “debtor’s attorney” from the general section, lends support to the conclusion that the choice was deliberate under the statutory construction principle of expressio unius est exclusio alterius (the expression of one thing is the exclusion of the others). Additionally, as the Supreme Court noted in Lindh v. Murphy, 521 U.S. 320, 330, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), “negative implications raised by disparate provisions are strongest when the portions of a statute treated differently had already been joined together and were being considered simultaneously when the language raising the implication was inserted.”
Second, the deletion of “debtor’s attorney” from the legislation occurred after it was introduced. Thus, we should infer as a matter of statutory construction that Congress intentionally rejected the earlier version of the bill. See Russello v. United States, 464 U.S. 16, 23-24, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (holding that when a legislature includes language in an earlier version of a bill but deletes it prior to enactment, it may be presumed that the deletion was intentional). The Reform Act, originally introduced in the Senate as Senate Bill 540, contained: (1) the old provision providing professional fee compensation for debtors’ attorneys; (2) a new provision in § 330(a)(3)(A) prohibiting courts from authorizing awards of professional fees if the professional services compensated are not reasonably likely to benefit the debtor’s estate or necessary in the administration of the case (hereinafter referred to as “the beneficial standard”); and (3) an exception to the beneficial standard in § 330(a)(3)(B) for all individual debtors’ attorneys. See S. 540, 103d Cong. § 309, 140 Cong. Rec. S4405-06 (1994).
On April 21, 1994, Senator Metzenbaum introduced amendment 1645 to Senate Bill 540. See 140 Cong. Rec. S4741-01 (1994). The amendment, which replaced the text of the professional fees section, (1) omitted the phrase “debtor’s attorney” from § 330(a), and (2) replaced the provision that exempted all individual debtors’ attorneys from the beneficial standard with a new provision allowing compensation for Chapter 12 and Chapter 13 debtors’ attorneys if their services satisfy the beneficial standard. See id. In making the amendment, Senator Metzenbaum identified professional fees as one of the main problems sought to be addressed by the Reform Act. See 140 Cong. Rec. S14597-02 (1994).
On April 21, 1994, the Senate passed Senate Bill 540, as modified by the Metzenbaum amendment and referred the Bill to the House of Representatives. See 140 Cong. Rec. S4666-02 (1994). In an August 17, 1994 hearing in the House Subcommittee on Economic and Commercial Law, the National Association of Consumer Bankruptcy Attorneys commented on *1063 the proposed text of § 330, now contained in House Bill 5116:
This provision lists specific factors which the court must consider in determining compensation awards to professionals in bankruptcy cases. The provision provides that attorneys for individual debtors in chapter 12 and 13 cases may be awarded reasonable compensation for services rendered to the debtor by emphasizing that the benefit and necessity of such services is an important factor to be considered. This provision further allows any party in interest to move the court to reduce compensation awards. The provision appears to have some minor drafting errors, including the apparently inadvertent removal of debtors’ attorneys from the list of professionals whose compensation awards are covered by section 330(a). NACBA does not oppose this provision, since it contains language ensuring that chapter 12 and 13 individual debtors’ attorneys may be awarded compensation for their work in protecting the debtor’s interests in a bankruptcy case.
Bankruptcy Reform: Hearing on H.R. 5116 Before the Subcomm. on Econ. and Commercial Law of the Comm, on the Judiciary, 103d Cong. 550-51 (1994) (emphasis added).
Despite having the specific impact of the Senate bill on Chapter 7 debtors’ attorneys called to its attention, the House of Representatives passed House Bill 5116, which included the text of § 330 as passed by the Senate. See 140 Cong. Rec. H10917-03 (1994). The Senate then passed House Bill 5116. See 140 Cong. Rec. S14461-01 (1994). The Metzenbaum amendment became a part of the text of the final legislation.
In sum, the plain language of the statute, the legislative history and the ordinary principles of statutory construction lead to the conclusion that the Reform Act removed Chapter 7 debtors’ attorneys from those eligible for compensation as professional persons, and that this was an election intentionally made by Congress.
II
Against the evidence of deliberate congressional choice, the majority concludes that the omission of “debtor’s attorney” in § 330(a) was an inadvertent scrivener’s error that we should correct.
The majority cites the awkward grammatical construction of the statute. However, it is equally likely that the scrivener’s error was merely the omission of. the word “or” between “examiner” and “professional person” rather than the more substantive omission of the clause “debtor’s attorney.” Cf. United States Nat’l Bank of Or. v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 462, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (“Courts, we have said, should disregard punctuation, or repunctuate, if need be, to render the true meaning of the statute.”) (citation and internal quotation marks omitted).
The majority also relies heavily on the fact that the phrase “debtor’s attorney” is included in one section and excluded in another. However, this is not illogical. Indeed, it is entirely consistent with the theory that Congress intended to eliminate compensation as a matter of course, but wished to retain the avenue for a Chapter 7 debtor’s attorney to receive compensation on appointment by the trustee when the debtor’s attorney acts for the estate’s benefit. It is quite plausible, and quite likely, that Congress intended. Chapter 7 debtors’ attorneys to be paid from post-petition earnings in the normal case, and from the estate upon appointment by the trustee when the estate is benefitted.
Even if scrivener’s error were found, it does not support the conclusion that Congress actually intended to include debtors’ attorneys in § 330. In analyzing a potential scrivener’s error, we begin with the presumption that Congress’s drafting of the text of a statute is deliberate. See Natural Resources Defense Council v. United States Envtl. Protection Agency, 915 F.2d 1314, 1321 (9th Cir.1990). To find that a statute contains a drafting or scrivener’s error, we must determine that *1064 “the literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters.” Johnston Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 619-20 (9th Cir.1993) (citations and internal quotation marks omitted). In Goodman, we applied the plain language of a statute over a claim of drafting error because there was a plausible explanation for Congress’s choice of text. See id. at 620; see also Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 134, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989) (requiring that a court’s correction of a statute due to a scrivener’s error be predicated on a finding that the application of the plain language of the statute would be absurd).
In this case, as discussed, Congress acted quite deliberately in removing “debtor’s attorney” from § 330. One may disagree with this choice, but one cannot say it is irrational. One of the primary considerations in passing the Reform Act was the perceived problems with professional fees. Although the impact of the amendments fall on Chapter 7 debtors’ attorneys, there are differences in counsels’ duties in Chapter 7 cases compared to Chapter 12 and Chapter 13 cases. See In re Friedland, 182 B.R. 576, 579 (Bankr.D.Colo.1995). In many Chapter 7 cases, there is little for the debtor’s attorney to do after the petition is filed. Indeed, prior to the passage of the Reform Act, some courts had unilaterally imposed significant fee restrictions on Chapter 7 debtors’ attorneys for reasons similar to those forwarded by the U.S. Trustee in this case. See, e.g., In re Kahler, 84 B.R. 721, 724 (Bankr.D.Colo.1988). This topic also had been the subject of congressional hearings ultimately leading to the passage of the Reform Act. See generally Professional Fees in Bankr.: Hearing Before the Subcomm. on Courts and Admin. Practice of the Comm, on the Judiciary, 102d Cong. (1992). Thus, denial of compensation in Chapter 7 cases is not without rationale. This is particularly evident when one considers that under the Reform Act, the bankruptcy trustee can appoint an attorney for the debtor to provide services in the best interest of the estate. See 11 U.S.C. § 327(a), (e). These attorneys remain eligible for compensation under § 330.
For all of these reasons, the denial of post-petition attorney’s fees to Chapter 7 debtors’ attorneys is not irrational or demonstrably contrary to congressional intent. Accordingly, even if scrivener’s error exists, it does not support a statutory reformation.
In short, there is little support for the theory that Congress inadvertently omitted Chapter 7 debtors’ attorneys as a result of a scrivener’s error; indeed, a fair examination of the circumstances leads to the opposite conclusion.
Ill
I do not quarrel with the majority’s assessment that providing compensation for Chapter 7 debtors’ attorneys is the better public policy. As the Second Circuit observed, “[w]here the benefits of services to the estate are the same, it makes no sense to treat performances of such benefits by debtors’ attorneys differently than performance by other retained professionals.” In re Ames Dep’t Stores, Inc., 76 F.3d 66, 72 (2d Cir.1996). It is true that in the typical “no asset” Chapter 7 case, there is little activity after the filing of the petition other than attendance at the section 341 hearing. However, in many cases, the debtor’s attorney is called upon to represent the debtor in post-petition adversary proceedings, Rule 2004 examinations, and in reaffirmation hearings. In more complex Chapter 7 bankruptcies, post-petition demands on the debtor’s counsel increase dramatically. Categorical exclusion of fees can only result in denial of access to justice, with debtors unrepresented or under-represented. The increase in pro se cases, and in cases which become pro se after the petition is filed, does not aid the administration of our bankruptcy system.
*1065 Nonetheless, bankruptcy law is code-driven. When Congress makes a policy decision, the debate is concluded. The Reform Act’s deletion of Chapter 7 debtors’ attorneys from those eligible for compensation under § 330(a) was a deliberate choice we are bound to enforce. The majority errs in concluding otherwise.
Thus, I respectfully dissent.