NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0284n.06
Filed: April 27, 2006

Nos. 04-2500, 04-2521

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LAMAR ADVERTISING COMPANY    )
   )
   Plaintiff-Appellee    )
   Cross-Appellant,    )
   )
   )
VIACOM OUTDOOR, INCORPORATED    )
   )   ON APPEAL FROM THE UNITED
   Plaintiff-Appellee    )   STATES DISTRICT COURT FOR THE
   Cross-Appellant,    )   EASTERN DISTRICT OF MICHIGAN
   )
v.    )
   )
CHARTER TOWNSHIP OF VAN BUREN    )
   )
   Defendant-Appellant
   Cross-Appellee.

Before: **NORRIS**, **SUHRHEINRICH**, and **ROGERS**

ROGERS, Circuit Judge. We affirm the district court's award of attorneys fees and the computation of those fees to Lamar and Viacom as prevailing plaintiffs in this 42 U.S.C. § 1983 action. The Township argued that there was no change in the legal relationship between the two parties despite the fact that the Township entered into a consent decree that embodied all the relief sought under the media companies' § 1983 claims. Because the consent decree changed the legal relationship of the parties, the media companies were prevailing plaintiffs entitled to attorney's fees under § 1988.

The media companies own various billboards located on two properties in the Township of Van Buren. Lamar owns billboards on the "Opus North" property. Both Lamar and Viacom own billboards on the "Kojaian" property. The developers that owned the Opus North and Kojaian property sought to improve their properties and needed permits from the Township. The media companies alleged that the developers, in consideration for the permits, agreed not to renew their leases with the media companies and agreed to remove the billboards. Lamar filed suit against the Township on May 3, 2002.

Lamar filed a claim under 42 U.S.C. § 1983 alleging violations of the First Amendment. Lamar alleged that the Township conditioned its approval of the developers' site plans on the agreement to remove the billboards. Lamar argued that the Township was engaging in a content-based speech restriction. The § 1983 suit sought injunctive relief to prohibit the Township from causing the removal of the billboards. Lamar's complaint also contained alternative pendent state law claims under the Michigan highway advertising acts and various zoning laws, seeking compensation for the Township's causing the removal of the billboards. *See* Mich. Comp. Laws § 252.304(a). Unlike 42 U.S.C. § 1983, Mich Comp. Laws § 252.304 only provides for monetary relief. Viacom filed a similar complaint on September 10, 2002. The district court consolidated the cases.

After extensive discovery the parties filed cross motions for summary judgment. The Township argued that the developers voluntarily agreed to remove the billboards and thus the Township could not be liable for causing the removal of the billboards. The media companies

sought summary judgment only on the state law claims. The district court granted summary judgment with respect to the Opus North property and ordered that the Township pay Lamar compensation for causing the removal of the billboards on that property. The district court denied the media companies' motion for summary judgment with respect to the Kojaian property.

The media companies then settled with the Township. In a consent decree, the Township agreed not to take any action to cause or require the removal of the billboards, and the media companies agreed to dismiss their claims. The billboards remained.

The media companies moved for attorney's fees under 42 U.S.C. § 1988. The district court awarded fees, holding that the media companies were prevailing parties because they stated a substantial First Amendment claim and obtained relief in a consent decree that changed the legal relationship of the parties.

In a separate order the district court determined the amount of the fees. The district court reduced the total number of hours billed by 25 percent to discount for time spent on the state law claims. This 25 percent reduction has not been challenged on appeal. The district court then determined that a $200 per hour flat rate was a reasonable billing rate because it was the prevailing market rate for competent counsel in the Eastern District of Michigan. The district court relied heavily on a 2003 survey of Michigan law firm billing rates. An order dated October 29, 2004 awarded Lamar $56,000 and Viacom $30,200 in fees.

The Township filed a timely notice of appeal on November 24, 2004. The media companies cross appealed seeking, among other things, additional fees for defending this appeal. An award of attorney's fees is reviewed under an abuse of discretion standard. *See Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 308-09 (6th Cir. 1988); *see also Coulter*, 805 F.2d at 151.

The media companies are prevailing parties entitled to attorney's fees. It is undisputed that a plaintiff can be a prevailing party for the purposes of determining whether the plaintiff is entitled to attorney's fees by obtaining a consent decree. *See Maher v. Gagne,* 448 U.S. 122, 126 n.8 (1980). The media companies are prevailing parties because the consent decree changed their legal relationship with the Township by prohibiting the Township from causing the removal of the billboards.

The media companies are prevailing parties because the lawsuit afforded the media companies, through a judgment, all the relief they sought on their federal claim. As the media companies argue, the Township is simply wrong to suggest that the media companies obtained no relief. The Township allegedly caused the media companies to lose their lease on the billboards in violation of the First Amendment. The media companies sought to enjoin the Township from causing the property owners not to renew the media companies leases. The consent decree permitted the media companies to negotiate the leases for the land under their billboards free of the Township's efforts to remove the billboards. As the district court found, the relief obtained in the consent decree makes the media companies "prevailing parties" entitled to attorney's fees.

The Supreme Court's rejection of the "catalyst" theory does not help the Township. *See Buckhannon Board and Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600, 604 (2001). This is not a case where the change in relationship was a result of private agreement or voluntary action by the Township. *Cf. Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 693 (6th Cir. 2001) (holding that the plaintiffs were not prevailing parties because the change in legal relationship was not "judicially sanctioned"). The Township could be held in contempt if it caused the removal of the billboards. In this case, the change in relationship is a result of an enforceable judgment that creates an alteration of their legal relationship.

The media companies obtained relief on their federal claims and are entitled to attorney's fees. The Township argues that the consent decree should be read as success only on the state law claims, and thus the media companies are not "prevailing parties" on the federal claims. The relief in the consent decree, injunctive relief which prohibited the Township from causing the removal of the billboards, exceeds the relief available in the state law claim. The federal claims were held by the district court to be substantial, and the Township does not challenge this finding on appeal. Consistent with the district court's analysis, the media companies are prevailing parties.

The media companies have cross-appealed. First, the media companies argue that the $200 per hour flat billing rate is too low. Our deferential review of such determinations requires us to affirm the $200 per hour rate. Evidence on the record supports the $200 per hour rate. The district court applied the proper legal standard for a reasonable rate. The district court did not abuse its

discretion because it provided a clear and concise explanation for the $200 per hour rate. Thus, we affirm.

Neither party disputes that the district court applied the proper legal standard for determining a reasonable hourly rate. In short, a reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation. *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).

The district court provided a clear and concise explanation of how it arrived at a $200 per hour rate. The district judge considered the billing rates for Ann Arbor and Detroit and determined that the average billing rate was $200 per hour. The media companies presented evidence that (Viacom's lead attorney) James Walsh's billing rate is between $310 and $370. Evidence shows that Mr. Walsh is an accomplished litigator and has filed at least 15 federal court actions challenging municipal billboard restrictions under the First Amendment. Even if it would be reasonable to award Mr. Walsh $370 per hour, the record supports the district court's conclusion that $200 per hour is sufficient to encourage competent lawyers in the relevant community to undertake legal representation. *See, e.g.*, *Auto Alliance v. U.S. Customs Service*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) (awarding a $200 per hour flat rate in the eastern district of Michigan where the lead attorney's billing rate was $400 per hour).

The media companies argue that when a district court automatically reduces the rate of experienced practitioners to the average billing rates of the community, the court discourages

experienced practitioners from taking fee-shifting cases. The filings in this case reflect the high quality of Mr. Walsh's lawyering, but be that as it may, we review for abuse of discretion. The district court did not choose to award Mr. Walsh his actual billing rate. That decision was in the district court's sound discretion and is supported by the record.

The media companies' final argument is that they should be awarded fees for defending against the instant appeal, sometimes known as "fees for fees." "Fees for fees" are recoverable under 42 U.S.C. § 1988. *Weisenberger v. Heucher*, 593 F.2d 49, 53-54 (6th Cir. 1979). Fees for fees may include litigation on the fee request at both the lower court level and at the appellate level. *Id.* The media companies do not appeal the district court's decision to reduce hours spent litigating for fees in the district court. The media companies only seek "fees for fees" for time spent defending this appeal.

The Township, however, needlessly protracted "fees for fees" litigation by making spurious arguments in this court. Granting additional "fees for fees" for defending this appeal is consistent with *Coulter*, 805 F.2d at 151. *Coulter* sought to limit "fees for fees" to discourage protracted "fees for fees" litigation. *Id.* Granting fees for this appeal does just that. Granting fees in this case discourages the losing party in fee litigation from engaging in protracted and needless appellate litigation and compensates the prevailing party for defending its fee award on appeal. *See generally Moore v. City of Des Moines*, 766 F.2d 343, 346 (8th Cir. 1985). Consistent with *Coulter*, 805 F.2d at 151, this is the type of situation where the 3% cap on "fees for fees" is not appropriate. Although it would be appropriate for the district court to award fees for defending this appeal, we decline to

award fees at the appellate level.  *See O'Bryan v. City of Saginaw*, 722 F.2d 313, 314-15 (6th Cir. 1983).  The district court is the generally appropriate forum for motions for attorney fees under § 1988, even fees on appeal.  *See Smith v. Detroit Board of Educ.*, 728 F.2d 359, 359 (6th Cir. 1984). Upon motion by the media companies, the district court should awards fees to the media companies for the defense of the instant appeal.  A reduction would be appropriate for time spent on the media companies' cross-appeal arguing that the $200 per hour flat rate was an abuse of discretion.

The judgment of the district court is affirmed.