762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAULA POSNER, PLAINTIFF-APPELLEE,
v.
THE SHOWROOM, INC. AND STANLEY ZITRON, DEFENDANTS-APPELLANTS.
 NO. 84-5494
 United States Court of Appeals, Sixth Circuit.
 3/29/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: KENNEDY and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Showroom, Inc. (Showroom), the defendant, appeals from an award of attorney's fees to plaintiff Posner in this action filed under the Fair Labor Standards Act (FLSA). See 29 U.S.C. Sec. 216(b). For the reasons stated below, we affirm.
 
 
 2
 Posner, a former employee of Showroom, filed a complaint on September 15, 1983 on behalf of herself and others similarly situated alleging that Showroom had not paid overtime compensation for hours worked in excess of forty hours per week as required by the FLSA. On December 7, 1983, Showroom served a notice of offer of judgment under Federal Rule of Civil Procedure 68. After reciting the positions of the parties, the offer concluded:
 
 
 3
 That should Plaintiff Posner be a non-exempt employee, the number of uncompensated overtime hours for the periods in question totals 159.75, multiplied by her hourly rate equals Three Hundred Fifty Nine and 46/100 ($359.46) Dollars.
 
 
 4
 Posner accepted this offer. The district court awarded $360.46 plus $94.00 costs. Less Federal withholding and FICA taxes, the judgment totalled $393.20. The issue of attorney's fees was reserved.
 
 
 5
 Posner subsequently filed a claim for $2,082.50 in attorney's fees. The motion was supported by affidavits of two Memphis attorneys with experience in FLSA litigation. These attorneys stated that $85 per hour was a reasonable rate and that Posner's request was 'reasonable and in line with billing practices of attorneys in the area who provide similar legal services.' Although Showroom produced nocounter-affidavits or other evidence, it contended that some attorney time had not been reasonably expended, that the hourly rate of $85 was too high and that the plaintiff had achieved only limited success in comparison to the scope of the litigation as a whole.
 
 
 6
 In deciding the motion, the district court noted that it had not previously ruled on whether the matter should proceed as a class action and that the class allegations should not have been made. Accordingly, the court refused to compensate Posner for two items relating to the class action phase of the case. This ruling is not at issue on appeal. The court then approved the remainder of the request totalling $1,955. The court opined that the relatively small recovery on the merits should not affect the amount of fees awarded.
 
 
 7
 A district court's award of attorney's fees under 29 U.S.C. Sec. 216(b) may not be overturned or modified absent an abuse of discretion. See Conklin v. Joseph C. Hofgesang Sand Co., Inc., 565 F.2d 405, 407 (6th Cir. 1977). Although this case involves neither 42 U.S.C. Sec. 1988 nor title VII of the Civil Rights Act of 1964, the parties apply the standards governing discretion set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983). This approach is reasonable because the FLSA, like the civil rights laws, is a remedial statute.
 
 
 8
 Hensley provides that the starting point in determining an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. Id. at 433. Showroom first contends that Posner's attorney spent too much time drafting and filing the complaint, drafting an eight item request for production of documents and preparing the motion for attorney's fees, the memorandum in support thereof and the two affidavits. Showroom presented no evidence, however, about how much time should have been spent performing these tasks. In view of the evidence submitted by Posner that the request for fees was 'reasonable and in line with billing practices of attorneys in the area who provide similar legal services,' we cannot say that the district court abused its discretion in calculating the number of attorney hours reasonably expended.
 
 
 9
 Second, Showroom attacks the rate of $85 per hour. As with the issue of the number of attorney hours reasonably expended, however, Showroom presented no evidence tending to undercut the statements in the affidavits that a rate of $85 per hour is reasonable for this type of litigation in the Memphis area.
 
 
 10
 Third, Showroom argues that the attorney's fee award must be reduced because Posner achieved only limited success in relation to the entire scope of the litigation. Hensley, 461 U.S. at 436. To demonstrate that Posner achieved only limited success, Showroom points to a pre-judgment letter allegedly written by Posner's attorney stating that Posner would settle the entire matter for $5,000. Showroom argues that since Posner eventually settled the case for less than $400, the results obtained by her were limited. The short answer to this argument is that since Showroom never placed the letter from Posner's attorney in the record, this court may not rely upon the letter to support a reduction in the award of fees. See Kemlon Products and Development Co. v. United States, 646 F.2d 233, 224 (5th Cir.), cert. denied, 454 U.S. 863 (1981); Hill v. Trustees of Indiana University, 537 F.2d 248, 251 n.2 (7th Cir. 1976).
 
 
 11
 Fourth, Showroom contends that awarding $1,955 in attorney's fees upon an underlying judgment of $393.20 is inherently unreasonable. We disagree. In Hensley, the Supreme Court focused on the issues on which the plaintiff did or did not prevail; the nature or amount of relief obtained was not discussed. In the present case, Posner obtained relief on the only issue that she raised, i.e., the FLSA claim. Moreover, in analogous contexts this court has held that attorney's fee awards should be calculated with reference to the factors of a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained. Cf. Kinney v. Rothchild, 678 F.2d 658, 660 (6th Cir. 1982) (civil rights). If the rule were otherwise, then attorneys might not be willing to accept cases involving small monetary claims even though such cases implicate the important policies underlying the FLSA. Indeed, this court has upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages. See, e.g., Johnson v. Snyder, 639 F.2d 316 (6th Cir. 1981) (civil rights).[1] We conclude that the district court did not abuse its discretion in awarding $1,955 in attorney's fees under the facts of this case.
 
 
 12
 Plaintiff Posner requests this court to make an additional award of attorney's fees for the effort expended on appeal in defending the district court's award. Although Posner is entitled to such fees, cf. Weisenberger v. Huecker, 593 F.2d 49, 53-54 (6th Cir.), cert. denied, 444 U.S. 880 (1979) (civil rights), the request for fees must be directed in the first instance to the district court. Smith v. Detroit Board of Education, 728 F.2d 359 (6th Cir. 1984). The motion for attorney's fees on appeal is denied without prejudice to file a request for fees in the district court.
 
 
 13
 The judgment of the district court is AFFIRMED. The plaintiff shall recover costs on this appeal.
 
 
 
 [1]
 Nor is the defendant entitled to a reduction in fees merely because the legal issues were not novel or because the claim asserted was not unpopular. First of all, few cases present such issues or claims. Yet the general rule is that a plaintiff should receive a full award of fees where excellent results have been obtained. Hensley, 461 U.S. at 435. Automatically reducing attorney's fee awards because of the absence of novel legal questions or of unpopular causes would contravene the general rule. Second, the unpopularity of a claim is more relevant to whether an upward adjustment, rather than a reduction, is warranted. Third, the simplicity or difficulty of the legal issues should be reflected in the initial calculation of hours reasonably expended