RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0017p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

CHRISTINA REMBERT, on behalf of herself and others similarly situated,

*Plaintiff-Appellant*,

*v.*

A PLUS HOME HEALTH CARE AGENCY LLC; ELLIOTT OSUNDE; OLUROTIMI BANJOKO; OSAGHAMUDIA OSAZEMWINDE, OMOEFE EFETEVBIA,

*Defendants-Appellees*.

⟩ No. 20-3454

───────────────

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:17-cv-00287—James L. Graham, District Judge.

Decided and Filed:  January 25, 2021

Before:  SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:**  Gregory R. Mansell, MANSELL LAW LLC, Columbus, Ohio, Peter G. Friedmann, THE FRIEDMANN FIRM LLC, Columbus, Ohio, for Appellant.  Sanjay K. Bhatt, Columbus, Ohio, for Appellees.  Frederick M. Gittes, THE GITTES LAW GROUP, Columbus, Ohio, Andrew R. Biller, BILLER & KIMBLE, LLC, Columbus, Ohio, for Amicus Curiae.

───────────────

**OPINION**

───────────────

KETHLEDGE, Circuit Judge.  Christina Rembert appeals an award of attorney's fees in her Fair Labor Standards Act suit against A Plus Home Health Care Agency.  Although the

derelictions of defense counsel significantly prolonged this litigation, the district court reduced the fee request of plaintiff's counsel by nearly two-thirds. We reverse.

Rembert began working as a nurse for A Plus in September 2015. Although she routinely worked more than 40 hours per week, A Plus did not pay her overtime as required by the FLSA. When she confronted a supervisor about the issue, he allegedly told her that the company "couldn't make money" if they paid their employees overtime.

Rembert thereafter brought this suit and moved conditionally to certify an opt-in class. While that motion was pending, the Department of Labor began an investigation of A Plus's pay practices. In May 2018, the district court certified a class comprising nurses and other medical personnel whom A Plus employed but failed to pay overtime. The court also ordered A Plus "to provide to Plaintiff's counsel within 14 days of this order a list in electronic format of all persons potentially fitting within the proposed class." That deadline came and went without any response from defense counsel, which led the magistrate judge to schedule a phone conference, at which defense counsel failed to appear. Finally A Plus provided responsive information about five weeks after the court's original deadline.

The parties then began discovery, which was notable for defense counsel's repeated failure to comply with or even to acknowledge his obligations under the Federal Rules of Civil Procedure. Eventually the magistrate judge again intervened; but again defense counsel failed to act in accordance with his representations to the court or his obligations under the Rules. All the while, Rembert's counsel wrote letters and attempted to call defense counsel about these failures, without any response. Finally, Rembert's counsel prepared and filed a motion to compel. The magistrate judge granted the motion and ordered A Plus to pay "reasonable attorneys' fees and costs associated with bringing this Motion and the surrounding circumstances." The magistrate judge also encouraged the parties to reach agreement within two weeks as to the amount of fees owed with respect to the motion; but defense counsel again failed to respond to repeated requests by Rembert's counsel to discuss the matter. Rembert was thus forced to prepare and file another motion requesting an award of fees in connection with the motion to compel.

Meanwhile, as a result of the Department of Labor investigation, some members of the class received full payment of the amounts owed to them. Rembert's counsel sent defense counsel an email stating that, "[g]iven your client's clear liability, we are perplexed as to why you continue to drag this out and force both parties to incur significant attorneys' fees." On July 30, the district court ordered the parties to file, no later than August 16, 2019, a joint report on the status of settlement. Defense counsel failed to respond to or otherwise cooperate with Rembert's counsel with respect to that report, so Rembert's counsel drafted the report for both parties. Finally, in August, the parties agreed to the entry of judgment in favor of Rembert and the remaining class members in the amount of $18,961, plus "reasonable fees and costs."

Rembert then moved for an award of fees and costs as the prevailing party on her FLSA claim. *See* 29 U.S.C. § 216(b). The two lawyers serving as her counsel requested hourly rates of $350 and $300, respectively, and submitted detailed billing records in support of a request for 21.2 hours of compensable work in connection with the motion to compel and 98.7 hours on the remainder of the case, for a total request of $38,190 in fees (plus $575 in costs). Defense counsel did respond to that motion, arguing among other things that the court should reduce the compensable hours of Rembert's counsel from 119.9 hours to 80.05.

Six months later, the district court entered an order in which it approved the rates requested by Rembert's counsel but reduced counsel's total compensable hours from a total of 119.9 to 46.2—a 61% reduction in compensable hours, and almost twice the reduction that defense counsel had sought. The court then cut the fee award an additional $1,660, on the ground that judges in the Southern District of Ohio "typically approved" fee awards of no more than 35% of the "total settlement amount" (meaning the amount of the judgment plus the amount of fees and costs awarded). That left Rembert with a total award of $13,790. We review the award for an abuse of discretion. *See Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004).

The FLSA provides that, if the court enters judgment in favor of a plaintiff on a claim of unpaid overtime in violation of the Act, "[t]he court in such action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA. A reasonable fee is "adequately compensatory to attract competent counsel" but "avoids producing

a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quotation omitted). "[T]he lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). To calculate the lodestar, the court first determines counsel's reasonable hourly rate(s) and the number of hours that counsel "reasonably expended" on the case. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013). The district court has some discretion regarding the rates and hours that are reasonable, "but only when the court provides a clear and concise explanation of its reasons for the fee award." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). Multiplying reasonable rates times reasonable hours yields the lodestar. *See Waldo*, 726 F.3d at 821.

Rembert challenges the district court's fee determination on several grounds. First, she argues (along with the Ohio Employment Lawyers Association as amicus) that the district court abused its discretion—because its action was contrary to law, *see Gonter*, 510 F.3d at 616— when it capped the fees awardable under the FLSA at 35% of the "total settlement amount[.]" We agree. The court's reasoning overlooked the Supreme Court's observation that the lodestar figure already "includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee[.]" *Perdue*, 559 U.S. at 553 (some internal quotation marks omitted). More to the point, as the Second Circuit observed in a similar case, "[n]either the text nor the purpose" of the FLSA "supports imposing a proportionality limit on recoverable attorneys' fees." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020). The very reason that the FLSA (and the civil-rights acts) mandate an award of reasonable fees to prevailing plaintiffs is that the monetary value of their claims is often too small to support the cost of litigating them. If courts in these cases capped the awardable fees at some percentage of that monetary value, therefore, many workers with valid FLSA claims—the nurse who was underpaid $1,500, the laborer underpaid $900—would be unable to "attract competent counsel" to represent them. *Geier*, 372 F.3d at 791. Regardless of local precedent, therefore, a district court abuses its discretion if it limits the fees awardable under the FLSA to a percentage of the plaintiff's recovery. That is what happened here.

All that said, the amount of the plaintiff's recovery can be relevant to the amount of a fee award. Specifically, if a plaintiff is only partially successful in obtaining recovery on her claims,

the court might reasonably award counsel a reduced fee (assuming the court has not already incorporated that factor into the lodestar). *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992). But here Rembert and several opt-in plaintiffs obtained 100% of the recovery due to them under the Act.

Second, Rembert argues that the district court failed adequately to explain the reasons for reducing her counsel's compensable hours by nearly two-thirds. "The district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (brackets and internal quotation marks omitted). We lack any such particularity here. The court provided no explanation of any kind for its determination that—of the 21.2 hours that plaintiffs' counsel spent working on the motion to compel and otherwise dealing with what the magistrate judge understatedly called "the surrounding circumstances"—only 8.9 hours were compensable. Nor did the court offer much explanation of its determination of the hours that Rembert's counsel "reasonably expended" on the rest of the litigation, which spanned three years. Rembert's counsel submitted detailed time entries for every one-tenth of an hour for which they sought compensation. Yet of the 98.7 hours they spent working on this case, the district court found that only 37.3 were compensable. The court did say that, in determining the hours Rembert's counsel reasonably expended on the case, "the court included those which involved work or services requiring an attorney, such as drafting legal memoranda, reviewing court orders and participating in conferences with the magistrate judge." Order at 4. And the court said that it "excluded all other entries, including ones that represented tasks a non-lawyer could perform (such as filing items on the court's electronic case filing [ecf] system and gathering information from clients) and entries that appeared to be duplicative." *Id.*

Nowhere in the court's order, however, is there any indication of "which of the claimed hours" it rejected. *U.S. Structures*, 130 F.3d at 1193. Nor was it proper to exclude time "gathering information from clients" on the ground that a "non-lawyer" could have performed that work. Attorneys may communicate directly with their clients; indeed they often must do so. *See, e.g.*, Ohio Rules of Professional Conduct 1.4(a). The law refers to an attorney-client privilege, not a paralegal-client one. Nor was it proper to exclude as "duplicative" entries for

communications between the two attorneys (both of whom are respected members of the employment-litigation bar) who represented Rembert and the opt-in class members. To the contrary, co-counsel may consult each other to avoid duplicative work and otherwise to maximize their efficiency and effectiveness. *See Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 706 (6th Cir. 2016). Nor, apparently, did the court take into account the 100% recovery in this case—or that the actions and omissions of defense counsel indisputably prolonged this litigation and rendered it much less efficient than it could have been. The court therefore abused its discretion in these respects as well.

In determining fee awards, courts should not "'become green-eyeshade accountants[,]'" but instead must content themselves with "'rough justice[.]'" *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 970 (6th Cir. 2018) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). We have ourselves reviewed both the district court's docket in this case, document-by-document, and the billing records of Rembert's counsel, line-by-line. And though we are mindful of our limited role in adjudicating fee disputes, we see nothing more than *de minimis* entries (if any) for non-compensable time. Moreover, litigation about the amount of fees awardable—particularly with respect to the modest amounts claimed here—is often a self-defeating exercise for everyone concerned. Viewing counsel's time entries in light of the record as a whole, therefore, we respectfully conclude that the district court abused its discretion when it did not grant in full the amounts requested in counsel's fee petition.

\* \* \*

The district court's March 24, 2020 order is reversed, and the case is remanded with instructions to grant forthwith counsel's petition for fees and costs in the amount of $38,765.00. Rembert's counsel is also entitled to a reasonable fee and costs for this appeal, *see Ne. Ohio Coal. for the Homeless v. Sec'y of Ohio*, 695 F.3d 563, 576 (6th Cir. 2012)—which for everyone's sake we hope is not the subject of another appeal.