RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0252p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

EDWARD MONROE, FABIAN MOORE, and TIMOTHY
WILLIAMS, on behalf of themselves and all other
similarly situated employees,

      *Plaintiffs-Appellees/Cross-Appellants*,

    *v.*

FTS USA, LLC and UNITEK USA, LLC,

      *Defendants-Appellants/Cross-Appellees*.

Nos. 20-6289/6347

─────────────────

Appeal from the United States District Court for the Western District of Tennessee at Memphis.
No. 2:08-cv-02100—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed: November 8, 2021

Before: SUTTON, Chief Judge; BOGGS and STRANCH, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Colin D. Dougherty, Daniel W. Yager, FOX ROTHSCHILD LLP, Blue Bell, Pennsylvania, for Appellants/Cross-Appellees. Adam W. Hansen, APOLLO LAW LLC, Minneapolis, Minnesota, Rachhana T. Srey, NICHOLS KASTER, PLLP, Minneapolis, Minnesota, for Appellees/Cross-Appellants.

─────────────────

## OPINION

─────────────────

JANE B. STRANCH, Circuit Judge. This Fair Labor Standards Act (FLSA) case has been litigated for over thirteen years. We have twice affirmed the district court's certification of a collective action and the determination by the jury and court that FTS and UniTek are liable

under the FLSA.  We reversed only as to two errors in calculating damages for Plaintiffs' piece-rate compensation and remanded for the sole purpose of recalculating damages without those errors.  On remand, FTS and UniTek sought to raise a host of new attacks on the district court's judgment that were unrelated to our limited instruction to recalculate the hourly rate and correct the multiplier used to calculate damages.  Recognizing that our remand was limited, the district court barred FTS and UniTek from raising most of those arguments.  The court then recalculated damages and entered judgment for all but one opt-in Plaintiff, Valon Harlan, finding a lack of sufficient evidence to calculate damages.  Following entry of judgment, the district court also substantially granted Plaintiffs' counsel's petition for attorney's fees.

On appeal, FTS and UniTek assert that the district court erred in foreclosing its arguments, contending that our remand was general in nature and thus allowed the district court to consider the merits of their list of new claims.  FTS and UniTek also argue that the district court abused its discretion in substantially granting attorney's fees to Plaintiffs.  We **AFFIRM** the district court's judgment in all respects except as to its denial of judgment to Plaintiff Harlan, which we **REVERSE** and **REMAND** to the district court with instructions to enter judgment in favor of Plaintiff Harlan.

## I.  BACKGROUND

Because our prior opinions fully set forth the underlying facts, we here summarize only the pertinent parts of the lengthy procedural history of this case.  In 2008, FTS technicians filed suit alleging that they were unlawfully deprived of overtime compensation for hours worked over the course of the prior three years.  The district court authorized a collective action, and a total of 293 technicians ultimately opted into the collective action.  In 2011, the case was tried to a jury that returned verdicts of liability against FTS and UniTek, finding that FTS Technicians worked in excess of 40 hours weekly without being paid overtime compensation and that FTS willfully violated the FLSA.  The jury determined the average number of unrecorded hours worked per week by each testifying technician.  Based on the jury's findings, the district court calculated damages for all technicians in the collective action and entered a judgment in 2012 based on calculation of the damages owed to each individual Plaintiff.  In entering judgment for Plaintiffs, the district court applied a 1.5 multiplier for calculating uncompensated overtime.

In 2014, FTS appealed the district court's judgment on the following grounds:  (1) The district court erred in certifying the collective action because the employees were not similarly situated; (2) the court improperly allowed plaintiffs to prove liability as to all technicians based on testimony of an "unrepresentative few"; (3) the "trial-by-proxy procedure deprived FTS of its constitutional right to litigate individual defenses"; (4) the verdict form was flawed because the form did not require a finding about each technician for each week; (5) the court "impermissibly usurped" the jury's role in determining damages; (6) the district court's damages calculation was incorrect and based on unrepresentative testimony; and finally (7) the Seventh Amendment "requires" that any retrial on damages also include a new trial on liability.  *See generally Monroe v. FTS USA, LLC*, 815 F.3d 1000 (6th Cir. 2016) (*Monroe I*).  We upheld the district court's certification of the case as a collective action and its determination that sufficient evidence supports the jury's verdicts in favor of the class, affirming the court's judgment in all respects except as to the multiplier used to calculate the damages and the calculation of the technicians' hourly rate under the piece-rate compensation system.  *Id.* at 1005, 1024.  On the first issue, we found that the district court erred in applying a 1.5 multiplier, and instead should have used a 0.5 multiplier.  *Id.*  On the second, we found that the district court erred in failing to calculate the hourly rates to reflect the actual hours Plaintiffs worked.  *Id.*  Accordingly, we remanded the matter for the limited purpose of recalculating damages with the correct hourly rate and multiplier.  *Id.*

FTS petitioned for a writ of certiorari.  In light of its decision in *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016), decided after our opinion issued, the Supreme Court vacated our judgment, and remanded for further consideration.  *See FTS USA, LLC v. Monroe*, 137 S. Ct. 590 (2016).  On remand, we concluded that *Tyson* supports our original decision and reaffirmed our prior holdings.  *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 393, 415–16 (6th Cir. 2017) (*Monroe II*).  We again affirmed the certification of the collective action and the sufficiency of evidence supporting the jury's verdicts, and reversed only as to the hourly rate calculation and the use of a 1.5 multiplier, remanding the case for the purpose of correcting the arithmetic.[1]  *Id.*

---

[1]Because *Monroe II* represents our most recent mandate to the district court, our analysis in this opinion focuses exclusively on the mandate we issued in *Monroe II*.

FTS petitioned this court for rehearing en banc, which was denied.  FTS again sought certiorari review, which was also denied.  *FTS USA, LLC v. Monroe*, 138 S. Ct. 980 (2018).

The case then returned to the district court for the specified recalculation of the judgment. On remand, FTS sought to raise a number of issues for the first time.  FTS and UniTek contended that our remand allowed them to raise the following claims: that at least 42 Plaintiffs were barred from recovery under the doctrine of judicial estoppel because they failed to disclose their FLSA claims in bankruptcy proceedings; that the district court erred in entering a single, aggregate judgment, as opposed to individualized and separate, Plaintiff-by-Plaintiff judgments; and that there was insufficient evidence to support a verdict as to several opt-in Plaintiffs, including Plaintiff Harlan.  Recognizing that we issued a limited remand, the district court rejected each of FTS and UniTek's arguments, except for their argument as to Harlan.  The district court concluded that it should not enter judgment for Harlan because "the data used to calculate damages . . . is not the product of a just and reasonable inference supported by sufficient evidence."  The district court entered judgment, incorporating a spreadsheet that once again contained a Plaintiff-by-Plaintiff calculation as to the damages owed to each individual Plaintiff.

At the conclusion of the case, Plaintiffs' counsel petitioned the district court for attorney's fees and costs related to all the litigation, including fees related to the pretrial litigation that occurred prior to November 1, 2012 (which the district court had previously granted, and we did not disturb), fees for the appellate litigation (all of which occurred post-November 1, 2012), and a fee enhancement.  The district court ultimately granted Plaintiffs' petition for pre-November 1, 2012, litigation fees and post-November 1, 2012, litigation fees, but denied the fee enhancement.

## II. ANALYSIS

In this appeal, FTS and UniTek raise a number of challenges to the district court's judgment along with separate challenges regarding the attorney's fees awarded by the court. Plaintiffs, on the other hand, cross-appeal to raise one challenge to the district court's denial of

judgment as to Plaintiff Harlan.  We address the judgment-related arguments and the attorney's fees-related arguments in turn.

### A.  Judgment-Related Arguments

FTS and UniTek principally challenge the district court's conclusion that our remand in *Monroe II* was limited.  They argue that we issued a general remand in *Monroe II*, and therefore, the district court erred in refusing to bar various opt-in Plaintiffs from recovering any damages based on the doctrine of judicial estoppel and in failing to enter Plaintiff-by-Plaintiff judgments. In response, Plaintiffs assert that our remand in *Monroe II* was limited, and the district court could not consider FTS and UniTek's new claims.  For the same reason, Plaintiffs contend that the district court erred in denying judgment to Plaintiff Harlan.

We review de novo the interpretation of our mandate.  *United States v. Parks*, 700 F.3d 775, 777 (6th Cir. 2012).  Addressing whether a district court complied with our mandate, we review the entirety of the previously entered opinion to determine whether the remand was limited. *See Carter v. Mitchell*, 829 F.3d 455, 463 (6th Cir. 2016).

The mandate rule binds a district court to the scope of the remand issued by the court of appeals.  *See United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).  Put differently, "the mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Id.*  An appellate court's remand can either be general or limited in scope, and that distinction governs the district court's authority on remand. *Id.*

On general remand, a district court is free to address all matters as long as it remains consistent with the appellate court's opinion.  *See United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997) (*Moore II*).  An appellate court's general remand lacks explicit limitation; therefore, it does not limit the district court's review and allows de novo review of the matter. *Id.* at 597–98. By way of an example, we determined that a remand order "where an appellate court simply vacates a sentence and remands to the district court for 'resentencing'" is considered a general remand allowing "the district court to resentence the defendant de novo." *Id.* at 598 (citing *United States v. Young*, 66 F.3d 830, 836 (7th Cir. 1995); *United States v. Caterino*, 29 F.3d

1390, 1394–95 (9th Cir. 1994); *United States v. Cornelius*, 968 F.2d 703, 705–06 (8th Cir. 1992)).

By contrast, a limited remand "constrains" the district court's authority to the issue or issues specifically articulated in the appellate court's order. *Moore II*, 131 F.3d at 598. Critically, in issuing a limited remand, an appellate court "must sufficiently outline the procedure the district court is to follow. The chain of intended events should be articulated with particularity." *Campbell*, 168 F.3d at 268. In *United States v. Moore*, 76 F.3d 111, 114 (6th Cir. 1996) (*Moore I*), we remanded the case to the district court for further proceedings to determine whether the defendant "used or carried a firearm during and in relation to his drug trafficking offense." We concluded in *Moore II* that those instructions were sufficiently limiting such that they required adherence to that one issue, and the district court violated the mandate rule by exceeding the scope of the limited remand order. 131 F.3d at 599.

Our opinion in *Monroe II* specified a limited instruction to do just one thing: recalculate the damages using the 0.5 multiplier and the correct hourly rates based on piece-rate compensation. Indeed, our opinion clearly begins with the following: "We REVERSE *the district court's calculation of damages* and REMAND the case *for recalculation of damages consistent with this opinion.*" *See Monroe II*, 860 F.3d at 393 (emphasis added). We reiterated that instruction at several points in the opinion. As to the hourly rate, we instructed the district court to recalculate the hourly rates "with the correct number of hours to ensure that FTS Technicians receive the pay they would have received had there been no violation." *Id.* As to the multiplier, after explaining why the district court erred in using the 1.5 multiplier, we specifically stated that we "reverse the district court's use of a 1.5 multiplier." *Id.* at 415. We concluded our analysis by ordering a remand "to the district court to recalculate damages consistent with this opinion." *Id.* And in remanding to the district court to recalculate damages, we explicitly noted that our mandate "does not necessitate a new trial on liability" and that we have the authority to "limit the issues upon remand." *Id.* In light of the foregoing, our instructions simply left no room for the district court "to expand its inquiry" to the other matters that FTS and UniTek sought to raise on remand, including judicial estoppel, the entry of

individual judgments, or the reevaluation of the sufficiency of evidence as to several Plaintiffs. *See Campbell*, 168 F.3d at 265. Our mandate in *Monroe II* was therefore a limited remand.

FTS and UniTek's reliance on *United States v. McFalls*, 675 F.3d 599 (6th Cir. 2012), to suggest that our remand was general, not limited, is misplaced. Citing *Moore II*, 131 F.3d at 599, we reasoned that for a remand to be limited, the opinion must include language denoting a specific limitation. *McFalls*, 675 F.3d at 605. Our opinion in *McFalls* explained that the critical language in *Moore I* was: "We adhere to our previous opinion in all other respects." *Id.* (quoting *Moore I*, 76 F.3d at 114). That statement alone was a specific limitation that constrained the scope of the district court's review and thus was key to our determination that the remand was limited. *Id.* It therefore followed that in *McFalls*, where we had not included such limiting language in our original order, our remand was general in nature, not limited. *Id.* at 605–06. By contrast, we included such limiting language here, along with specific instructions to recalculate damages with the correct hours and multiplier. Critically, like our mandate in *Moore I*, our mandate in *Monroe II* not only reversed the district court's *calculation* of damages, but after extensive analysis, also affirmed the district court's judgment in all other respects—*i.e.*, as to collective action certification, liability, and the use of an estimated-average approach. *Monroe II*, 860 F.3d at 407–11 (affirming district court on liability-related arguments). Our decision in *Monroe II* left open only one issue on remand—the recalculation of damages with the correct hours and multiplier—and nothing more. *McFalls* therefore does not contravene our conclusion that our remand was in fact limited.

FTS and UniTek further contend that even if the remand was limited, judicial estoppel falls within the scope of that limited remand. Our opinion in *JPMorgan Chase Bank, N.A. v. Winget*, 678 F. App'x 355 (6th Cir. 2017), addresses this point. There, we grappled with the interplay between the mandate rule and the doctrine of judicial estoppel. Following our limited remand to do just one thing—enter judgment in plaintiff's favor on a single count—defendants raised the same argument as FTS and UniTek, that the plaintiff was judicially estopped from pursuing its monetary claim due to a representation to the bankruptcy court. *Id.* at 359–60. The district court in *Winget* denied the defendants' motion for estoppel, recognizing that our opinion had limited the remand to the discrete issue specified—entering judgment for the plaintiff on a

single count—and consideration of the affirmative defense of judicial estoppel fell beyond the scope of that remand. *Id.* On appeal, we affirmed the district court's ruling, reasoning that our limited remand did not contemplate the possibility of the judicial estoppel defense, much less that the district court would conduct any further proceedings or entertain any additional arguments. *Id.* at 360–61. The same applies here.

As in *Winget*, our remand in *Monroe II* was limited by specific instructions. We remanded to the district court to recalculate the existing judgment, not relitigate liability or consider further arguments. Our limited remand did not contemplate the judicial estoppel issue, nor did it give the district court the opportunity to entertain that issue. And for these same reasons, the aggregate judgment and sufficiency of the evidence issues also fall outside the scope of the limited remand.[2] Thus, the reasoning in *Winget* supports the conclusion that our limited remand bars FTS and UniTek from raising their new claims.

In sum, because we find that the district court was constrained on remand to the specific issues enumerated in *Monroe II*, we conclude that the mandate rule barred FTS and UniTek from raising arguments on judicial estoppel, aggregate judgment, and sufficiency of the evidence—all of which were outside the scope of our limiting instructions—on remand. The district court was correct in rejecting consideration of judicial estoppel. And it correctly declined to revise its earlier decision to enter an aggregate judgment. Based on our instructions for a limited remand, however, the district court erred in reassessing the sufficiency of the evidence as to Harlan.

**B. Attorney's Fees**

FTS and UniTek also challenge the district court's decision to award appellate attorney's fees from the previous appeal. First, they contend that Plaintiffs "waived" the opportunity to do so because they did not petition this court for the appellate attorney's fees in the first instance. And second, in the alternative, they contend that the district court abused its discretion in

---

[2]With respect to the sufficiency of evidence as to Harlan, the district court distinguished Harlan's case from the other Plaintiffs on the grounds that it was not supported by actual time records, only by testimony and data of other workers. Review of the sufficiency of evidence as to Harlan, however, falls outside the scope of our remand. *Monroe II* explicitly affirmed both the sufficiency of the evidence, 860 F.3d at 407–11, and the use of the estimated averages approach, particularly where the insufficiency is due to the employer's failure to keep adequate records, *id.* at 412–13.

substantially awarding attorney's fees because Plaintiffs were not the prevailing party at the appellate stage of the litigation.

We review a district judge's decision to grant or deny attorney's fees under the abuse of discretion standard.  *See Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 708 (6th Cir. 2020).

Our binding precedent squarely addresses FTS and UniTek's waiver argument on appellate attorney's fees.  In *Smith v. Detroit Bd. of Educ.*, we held that in making awards for appellate services, "the district court is the forum to which the application for attorney fees ought to be addressed."  728 F.2d 359, 359 (6th Cir. 1984).  We explained that "it is the preferred practice for attorney fee matters to be addressed by the district court in light of its fact-finding capability."  *Id.* at 360 (citing *Greer v. Holt*, 718 F.2d 206 (6th Cir. 1983)).  Here, Plaintiffs properly filed their petition for attorney's fees in the district court and that court was correct in concluding that Plaintiffs did not waive their ability to request appellate attorney's fees.

FTS and UniTek contend that we implicitly overruled that approach in *Keene v. Zelman*, 337 F. App'x 553, 558 (6th Cir. 2009), and *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994).  But *Keene* is non-precedential and neither opinion directly addresses the proper forum for a petition for attorney's fees in the first instance.  Rather, they both dealt with substantive issues of whether a party was actually entitled to attorney's fees, so we remanded the cases to the district court to determine whether a party was entitled to appellate attorney's fees.  *See Fegley*, 19 F.3d at 1134–36; *Keene*, 337 F. App'x at 558.  In any case, *Smith* is directly on point, has not been overruled, and its determination that the district court is the preferred forum for attorney's fees is binding precedent.

FTS and UniTek also contend that the district court abused its discretion by awarding fees attributed to the appeal or by not substantially reducing them because Plaintiffs were not a prevailing party on appeal.  In FLSA actions, 29 U.S.C. § 216(b) specifies that "[t]he court in such action[s] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  A trial court "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  *United Slate, Tile, & Composition Roofers, Damp*

*& Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (applying *Hensley v. Eckerhart* formulation to attorney's fees under § 216 of the FLSA). The FLSA provides for attorney fees "to insure [*sic*] effective access to the judicial process" for plaintiffs with valid wage and hour grievances and to "encourage the vindication of congressionally identified policies and rights." *Id.* at 502–03.

A "prevailing party" is a party who succeeds "on *any* significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). Nonetheless,

> failing to obtain every dollar sought on behalf of his [or her] clients does not automatically mean a lawyer's fees should be reduced. . . . [T]he jury concluded that [plaintiffs] had not proved all of the damages they claimed. This does not necessarily mean that the lawyers are entitled to less fees; it merely means that the lawyers aimed higher than they hit, which . . . is a sound tactic.

*Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995); *see also Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1311 (10th Cir. 2014) (upholding substantial fee award even though the jury awarded only 8% of the damages sought by plaintiffs in FLSA suit). And as *Fegley* reminds, "we have 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" 19 F.3d at 1135 (quoting *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 13108 at *2 (6th Cir. 1985) (unpublished table decision)).

Plaintiffs were the "prevailing party" in the litigation and on appeal. Plaintiffs prevailed completely as to liability—*i.e.*, in demonstrating that FTS and UniTek violated the FLSA—and we affirmed that conclusion twice on appeal. That Plaintiffs failed to obtain "every dollar sought" on appeal does not nullify their overwhelming success on appeal, their status as a prevailing party, or their entitlement to attorney's fees. *See Bankston*, 60 F.3d at 1256. Moreover, it does not automatically reduce the fees to which Plaintiffs' attorneys are entitled, a determination which is left to the district court to make. *See Hensley*, 461 U.S. at 433. As the district court correctly pointed out, "[t]he complexity of this FLSA case, the length of the appeals process, and Plaintiffs' success in protecting the jury's verdict while prevailing in every issue aside from the judgment calculation, leads the [c]ourt to conclude that appellate fees are warranted."

Because the district court correctly concluded that Plaintiffs were a prevailing party on appeal, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. "In determining fee awards, courts should not 'become green-eyeshade accountants,' but instead must content themselves with 'rough justice.'" *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021) (quoting *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 970 (6th Cir. 2018)). We see no reason to disturb the district court's determination as to fees, and FTS and UniTek set forth no additional argument to conclude otherwise. Accordingly, we conclude that the district court did not abuse its discretion in setting the attorney's fees award for the work performed during the time covered by the Plaintiffs' application for fees.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment in all respects except as to its denial of judgment to Plaintiff Harlan; we **REVERSE** the district court's denial of judgment to Plaintiff Harlan and **REMAND** to the district court with instructions to enter judgment in favor of Plaintiff Harlan. Because this action has been ongoing for over thirteen years, we instruct the district court to act expeditiously in finalizing this case.